**ROCKETT v. JOHN J. CASALE, Inc., et al.**

District Court, S. D. New York.

Sept. 17, 1947.

Sylvia Miller, of New York City, for plaintiff.

Grant, Clark & Fox, of New York City, for defendants.

HULBERT, District Judge.

Two motions are here presented which will be considered together.

 Plaintiff moves, pursuant to Rule 34, Federal Rules of Civil Procedure, for an order directing the defendant, John J. Casale, Inc., to produce for inspection and copying, a statement made by Joseph Fisher to the said defendant. The action is one for damages for alleged negligence

in the operation of a motor truck, operated by Fisher and owned by the defendant, John J. Casale, Inc. The affidavit of plaintiff's attorney discloses that the truck was hired under a leasing arrangement to the defendant, Marine Tobacco Co., Inc., and that Fisher was in the employ of said defendant.

In opposition to the relief sought, defendant John J. Casale, Inc., contends that since the document sought to be inspected is not their document but that of Fisher who is not a party, the motion should be denied. Rule 34, Federal Rules of Civil Procedure, however, is clear that production can be ordered if the thing sought is in the "possession, custody, or control" of a party. It does not appear that the statement in question is not in the possession, custody or control of the objecting defendant and objection on that ground is not well founded. The affidavit in support of the motion discloses that Fisher in an examination before trial, stated that he did not know of any accident and that he did not see the plaintiff at the time of the alleged accident. He admitted that he was informed that his truck had struck a man. He stated, according to the affidavit, that he went to the office of defendant, John J. Casale, Inc., and made a report which he signed the following day. At the time legal proceedings had not been commenced.

The Court is satisfied that a "showing of good cause" within Rule 34, Federal Rules of Civil Procedure, exists and the motion is granted.

Defendants move for an order directing the plaintiff to serve a bill of particulars, pursuant to Rule 12, F.R.C.P. It does not appear to the Court that the defendants are unable to make adequate answer to the complaint. In fact, an answer had been interposed to the original complaint and a supplemental complaint thereafter served does not differ substantially from the original but adds the Marine Tobacco Co., as a party defendant. The items sought to be particularized may be sought after issue joined pursuant to Rule 26 et seq. of the Federal Rules of Civil Procedure. Defendants' motion is denied. Settle order on notice.