**Aston SCOTT**

v.

**AREX, INC. and Dale Miller.**

**Civ. No. N 85–508(WWE).**

United States District Court,
D. Connecticut.

Jan. 23, 1989.

Ruth L. Pulda, Daniel E. Livingston, Kostoll, Pogue & Gould, Hartford, Conn., for plaintiff.

Dale Miller, pro se.

Arex, Inc., North Haven, Conn., pro se.

## RULING ON MOTION TO COMPEL AND FOR SANCTIONS

THOMAS P. SMITH, United States Magistrate.

The plaintiff is a 68 year old man who alleges that he was fired in violation of various federal statutes and the common law.[1] By this Rule 37 motion he seeks the court's assistance in obtaining basic discovery from the defendant Miller, an owner and officer of the corporate defendant (hereafter Arex). To the extent plaintiff seeks an order compelling compliance with his outstanding discovery requests, the motion is granted. In the event of non-compliance within 30 days of this order, plaintiff is free to seek sanctions, including preclusion or default. As to attorney's fees, the parties are directed to proceed in accordance with this ruling.

### I.

Rule 33, F.R.Civ.P., allows any party to "serve upon any other party written interrogatories to be answered by the party served...." Similarly, Rule 34, F.R.Civ.P., allows one party to serve upon another requests to produce documents and other things that are discoverable within the contemplation of Rule 26, F.R.Civ.P. Where answers to interrogatories are not forthcoming, or documents are not produced, these same rules permit the party desiring discovery to seek a court order pursuant to Rule 37, F.R.Civ.P. This motion arises out of defendant Miller's egregious non-compliance with plaintiff's first three sets of interrogatories and requests for production.

### A.

█ The plaintiff's first set of interrogatories and requests for production were served January 4, 1987. Interrogatories 2 and 3, and defendant Miller's answers to them, are as follows:

INTERROGATORY 2

State the name and address of your employer and your average weekly or monthly salary and identify any documents upon which you rely in support of the answer.

ANSWER

SCI
Meesik Industrial Park
North Haven, CT. 06473
$3,000.00/month

INTERROGATORY 3

Please describe in detail any income you have received within the past five years from any sources not disclosed in your answers on Interrogatory No. 2 above and include the source of such income, the amount received in each year, whether there are any payments due from this source at the present time and, if so, the amount due and the name and address of the party from whom it is due, and identify any documents upon which you rely in support of the answer.

ANSWER

| | |
|---|---|
| 1985 | $0 |
| 1984 | $0 |
| 1983 | $15,352.00 |
| 1982 | $22,340.00 |

Total income from federal tax returns.

Plaintiff's first request for production asked Miller to "[p]lease provide any documents identified in your responses to these interrogatories."

Miller's answer fails to disclose his 1986 income. Miller also has failed to produce his 1982, 1983 and 1986 income tax returns. After this request for production was

---

**1.** There are five counts in the complaint. They allege that: (1) Scott was involuntarily retired to interfere with his attainment of promised pension benefits in violation of ERISA, 29 U.S.C. § 1140; (2) Scott was terminated because of his age in violation of the ADEA, 29 U.S.C. § 623(a)(1); (3) defendants have discriminated against Scott because of his race in violation of 42 U.S.C. § 1981; (4) defendants terminated Scott because of his race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000, *et seq.;* and (5) defendants breached their pension contract with Scott.

served, plaintiff's attorney wrote two detailed letters to Miller requesting that she be provided with relevant tax returns. To date plaintiff's requests have been ignored.

Tax returns and other information regarding income are discoverable if relevant to the issues in a lawsuit. *Halperin v. Berlandi*, 114 F.R.D. 8, 11 (D.Mass.1986); *Credit Life Insurance v. Uniworld Insurance Ltd.*, 94 F.R.D. 113, 120 (S.D.Ohio 1982). The information that plaintiff has requested is plainly relevant in this case, for it appears that Miller was the owner not simply of Arex but of other corporations as well. Since Miller declined at his deposition to answer questions about these corporations on grounds that he is "representing" only himself and not any corporations, it further appears that he is attempting to distance himself from Arex and the other corporate entities with which he is associated. One way of testing the legitimacy of the distinction Miller seeks to draw is to compare his income with that of the corporations he claims are separate and distinct beings. Thus, the requested information is relevant and discoverable. Defendant Miller is ordered to supply it forthwith.

### B.

■ Plaintiff's second set of interrogatories and requests for production was served February 6, 1987. Request for production 3 asked

Please provide the payroll records of Arex Graphics, Inc., Arex, Inc., or any other corporation in which you have been involved from 1978 to the present.

Miller responded, "Not in my possession." In a later conference with plaintiff's lawyer, Miller stated that he would not comply with this request, or with any other pertaining to the various corporations he assertedly owns, since he is "representing" himself and not Arex, or any other corporation, in this suit. *See* Pulda Affidavit.

The relevance of the documents sought in plaintiff's second request is manifest. The defendants have denied that Arex is an employer within the meaning of Title VII. Title VII applies only to entities having fifteen or more employees. 42 U.S.C. § 2000e(b). Payroll records are a source of proof of the number of Arex's employees. A party to a lawsuit cannot escape the obligation to produce documents by incanting, as Miller has attempted to do, "not in my possession." That a party does not possess documents is simply immaterial if those documents remain in that party's custody or control. *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir.1984); *M.L.C., Inc. v. North American Philips Corp.*, 109 F.R.D. 134, 136 (S.D.N.Y.1986). The word "control" is to be broadly construed. A party controls documents that it has the right, authority, or ability to obtain upon demand. *Id; Searock, supra*, 736 F.2d at 653. Accordingly, Miller is directed forthwith to produce the documents in question, or to provide plaintiff's counsel with an affidavit detailing what precisely attempts Miller made to obtain those documents, when he made them, and to whom his demands were addressed.

### C.

■ The plaintiff's third set of interrogatories and requests for production was served January 13, 1988. This set consists of 28 interrogatories and four production requests. The court finds that each of the interrogatories and production requests is reasonable and appropriate.[2] The court further finds from the moving papers, and from an examination of the docket sheet, that Miller has neither replied nor objected to plaintiff's January 13, 1988 discovery requests. "Generally, in the absence of an extension of time or good cause, the failure to object to interrogatories within the time fixed by Rule 33, F.R.Civ.P., constitutes a waiver of any objection." *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir.1981). There has been no request for an extension

2. Plaintiff's third set of interrogatories and document requests inquires into the corporate history of Arex and its relationship with several other corporations with which Miller appears

intimately involved. Corporate histories are necessary before a party may successfully attempt to pierce the corporate veil. *Zaist v. Olson*, 154 Conn. 563, 227 A.2d 552 (1967).

of time in this case, nor is there any reason for departing from the general rules regarding waiver. Accordingly, the defendant Miller is ordered to comply with plaintiff's third discovery request forthwith. Having ignored that request for over a year, just as he has ignored the instant motion, Miller will not be heard to object at this late date.

## II.

■ Rule 37 imposes upon the party resisting discovery the burden of showing that its resistance was substantially justified or that there exist other circumstances that would make an award of attorney's fees and costs "unjust." The instant motion, which was referred to the magistrate December 20, 1988, has been pending for a long time. Despite ample opportunity to do so, the defendant Miller has not deigned to provide the court with any response whatsoever to plaintiff's motion. *See* Local Rule 9(a)1 (requiring the filing of an opposition memorandum within twenty-one days of a motion). Defendant Miller's uncooperative discovery posture, combined with his ignoring of the instant motion, has unduly delayed this lawsuit and inflicted unnecessary expenses upon the plaintiff.

Within 21 days of this date plaintiff's counsel shall file with the court an affidavit attesting to the number of hours spent by counsel in connection with this motion, and further attesting to the hourly rate customarily charged by counsel. Within 21 days of the filing of this affidavit by plaintiff's counsel, defendant Miller shall file all papers he intends to submit in opposition to plaintiff's claim for attorney's fees.

## III.

Miller is free to seek an Article III judge's review of this ruling. *See* 28 U.S.C. § 636 and Local Rules for United States Magistrates. The plaintiff also may do so, should he object to the magistrate's unwillingness to impose more drastic sanctions on the instant record. *E.g., Direction Systems, Inc. v. Pittway Corp.*, 96 F.R.D. 152, 154 (W.D.N.Y.1982).