The RESOLUTION TRUST CORPORATION, Plaintiff,

v.

DELOITTE & TOUCHE, et al., Defendants.

Civ. A. No. 92–C–408.

United States District Court, D. Colorado.

Sept. 11, 1992.

Timothy Rastello, Peter C. Houtsma, Charles Jaeger, Denver, Colo., for plaintiff, Resolution Trust Corp.

Robert McLean, Richard Bernstein, Washington, D.C., Edwin Kahn, Kelly Terrance, Jim Hubbell, Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

PRINGLE, United States Magistrate Judge.

THIS MATTER comes before the Court for further proceedings regarding the Defendants' Motion to Compel RTC to Provide Reasonable Discovery (hereinafter *the Motion*). A portion of that Motion requested an order directing The Resolution Trust Corporation (hereinafter *RTC*) to produce relevant documents that it had obtained or could obtain from the Office of Thrift Supervision (hereinafter *OTS*). A hearing was held on Defendants' motion on August 10, 1992. Because the RTC indicated that it might be able to secure voluntarily the material documentation from the OTS, the Court deferred ruling on this part of the Defendants' motion. *See* Order of August 17, 1992.

The RTC has now informed the Court that, although it will continue to work with OTS on an informal basis in an attempt to obtain relevant OTS documents, it cannot agree that said materials are within its custody, possession, or control for purposes of Fed.R.Civ.P. 34. In essence, RTC contends that (a) OTS and RTC are separate and distinct legal entities;[1] and (b) by regulation and agreement, all OTS documents remain its property and may not be released by RTC. *See* Plaintiff's Report Concerning OTS Documents, filed on August 19, 1992. On the other hand, Defendants assert that, by statute, RTC has an absolute right to obtain possession of OTS regulatory documents, and thus has "possession, custody, or control," within the meaning of Rule 34. For the reasons discussed below, I find and conclude that the Defendants' position is meritorious and grant the Motion to Compel with respect to this issue.

The starting point for any analysis of discovery issues relating to requests for production of documents is Fed.R.Civ.P. 34.

---

1. The OTS is an office in the Department of Treasury and is responsible for regulating and supervising all federally insured savings and loan associations. 12 U.S.C. § 1462a. It is the successor to the Federal Home Loan Bank Board. *Id.* RTC is an agency of the United States. 12 U.S.C. § 1441a(b). It may act as a conservator or receiver of a savings association when appointed to do so by the director of the OTS. 12 U.S.C. § 1464(d)(2)(H).

Rule 34 expressly provides that "[a]ny party may serve on any other party a request (1) to produce and permit the party making the request ... to inspect and copy, any designated documents ... which constitute or contain matters within the scope of Rule 26(b) and which are in the *possession, custody or control* of the party upon whom the request is served." Fed.R.Civ.P. 34 (*emphasis added*). There is no ambiguity regarding the meaning of the phrase "possession, custody or control." The federal courts have universally held that documents are deemed to be within the possession, custody or control of a party for purposes of Rule 34 if the party has actual possession, custody or control of the materials *or* has the legal right to obtain the documents on demand. *E.g., Searock v. Stripling,* 736 F.2d 650, 653 (11th Cir. 1984); *Scott v. Arex, Inc.,* 124 F.R.D. 39 (D.Conn.1989); *Haseotes v. Abacab Internat'l Computers, Inc.,* 120 F.R.D. 12 (D.Mass.1988); *Buckley v. Vidal,* 50 F.R.D. 271 (S.D.N.Y.1970).

■ Applying this test, it is clear that RTC has the absolute and unrestricted ability to obtain OTS documents on demand. Congress has expressly so provided in 12 U.S.C. § 1821(*o*) ("[W]henever the Corporation has been appointed as receiver for an insured depository institution, the appropriate Federal banking agency shall make available all supervisory records to the receiver which may be used by the receiver in any manner the receiver determines to be appropriate.").

RTC contends that the generally accepted test for custody, possession, and control under Rule 34 does not apply here because the OTS has adopted a regulation by which the OTS retains ownership of any regulatory documents provided to other entities and agencies, and prohibits the disclosure to third parties of any information or documents obtained from OTS. 12 C.F.R. § 10.-5.[2] In support of its position, RTC cites cases holding that OTS's reservation of ownership and the prohibition against disclosure deprive a regulated institution of custody, possession, or control of OTS documents, even though the institution may obtain such documents on demand and utilize them for any purpose it deems appropriate. *E.g., In re Atlantic Financial Federal Securities Litigation,* 20 Fed. R.Serv.3d 1077, 1991 WL 210664 (E.D.Pa. 1991), *vacated on other grounds,* 1992 WL 50074 (E.D.Pa.1992); *In re One Bancorp Securities Litigation,* 134 F.R.D. 4 (D.Me. 1991); *Colonial Savings & Loan Ass'n v. St. Paul Fire and Marine Ins. Co.,* 89 F.R.D. 481 (D.Kan.1980) (construing a similar regulation promulgated by the Federal Home Loan Bank Board).

■ These cases do not deal with requests for production directed to RTC, and, hence, they do not involve the mandate contained in 12 U.S.C. § 1821(*o*). More importantly, however, these decisions appear to be at odds with the generally accepted interpretation of Rule 34, which focuses on a party's ability to obtain documents on demand. This ability is not affected by the source's retention of ownership or its unilaterally imposed restrictions on disclosure.[3] Consequently, the Court adopts the reasoning in those cases which reject RTC's position and which conclude that a party with the right to obtain OTS documents upon demand does have custody, possession or control of such materials within the meaning of Rule 34. *E.g., F.D.I.C. v. Wise,* 139 F.R.D. 168, 170 n. 2 (D.Colo.1991); *Weck v. Cross,* 88 F.R.D. 325, 326–27 (N.D.Ill.1980).

An analogous situation was presented to the United States Supreme Court in *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers,* 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958). In that case, the Societe brought suit against the government under the Trading with the Enemy Act. The

---

**2.** The regulations further provide that any subpoena directed to OTS must be served upon the OTS Secretary in Washington, D.C. 12 C.F.R. § 510.4(b).

**3.** Legal ownership is not determinative of whether a party has custody, possession, or control of a document for purposes of Rule 34. *Rockett v. John J. Casale, Inc.,* 7 F.R.D. 575 (S.D.N.Y.1947).

government sought documents from Societe pursuant to Fed.R.Civ.P. 34. Although the documents were in the physical possession of a Swiss banking firm, there was no doubt that the Societe could obtain the subject materials from the Swiss bank on demand. Nevertheless, the Societe refused to comply with the request for production because Swiss law prohibited disclosure of bank records. The Supreme Court rejected the Societe's contention that the interdictions of Swiss law precluded a finding that it had "control" over the documents within the meaning of Rule 34.[4] *See also In re Westinghouse Electric Corp. Uranium Contracts Litigation,* 563 F.2d 992, 996–97 (10th Cir.1977) (applying the principles enunciated in *Societe* ).

In short, the problem presented here cannot be resolved satisfactorily by adopting a strained or tortured interpretation of Rule 34. The issue is not whether Rule 34 requires production, but rather whether the Rules of Civil Procedure governing discovery in federal courts can be abrogated by agency regulations. Those courts which have considered this issue have uniformly answered the query in the negative. *United States v. Reynolds,* 345 U.S. 1, 9–10, 73 S.Ct. 528, 533, 97 L.Ed. 727 (1953) ("Judicial control over the evidence in a case cannot be abdicated to the caprice of executive officers."); *Sperandeo v. Milk Drivers & Dairy Employees Local Union No. 537,* 334 F.2d 381, 383 (10th Cir.1964) (Federal agencies are bound by the discovery rules in the same manner as any other litigant.); *Forstmann Leff Associates, Inc. v. American Brands, Inc.,* 1991 WL 168002 (S.D.N.Y.1991) ("[W]hile section 510.5(b) permits the OTS to withhold documents from disclosure on the basis of privilege, it is the court's function to determine whether such documents must be produced.");

*Merchants Nat'l Bank and Trust Co. of Fargo v. United States,* 41 F.R.D. 266, 268 (D.N.D.1966) ("While the statute gives the Secretary the right to restrict disclosure, 'Judicial control over the evidence in a case cannot be abdicated to the caprice of executive officers.' ").

Rule 34 performs the salutary function of creating access to documentation in an economical and expeditious fashion by requiring a party to produce relevant records not in its physical possession when the records can be obtained easily from a third-party source. The regulation here in question attempts to block this line of access completely or at least make the route far more circuitous, inconvenient, and expensive. The Court finds no compelling reason to relieve the RTC from the relatively straightforward discovery methods outlined in Rule 34 simply because the source agency has attempted to mandate a different procedure.[5]

Furthermore, application of 12 C.F.R. § 510.5 in this case would unfairly place the defendants at a great disadvantage. By virtue of RTC's agreements with OTS and 12 U.S.C. § 1821(*o* ), RTC has unrestricted access to all regulatory documents concerning Otero, the failed thrift that is the subject of this lawsuit. RTC has undoubtedly reviewed a substantial amount of regulatory documentation in connection with this case and may well have many of these documents in its physical possession. The defendants should not be relegated to the much more cumbersome procedure of serving a subpoena on the OTS and then litigating any objections to the subpoena in Washington, D.C. simply to obtain the same documents which the plaintiff RTC can and has obtained from OTS on request.

**4.** While the Supreme Court indicated that its ruling might not apply in every situation where a party is restricted by law from producing documents over which it is otherwise shown to have control, I conclude that the principles enunciated in *Societe Internationale* are applicable in the context of the case at bar.

**5.** The Court recognizes the dilemma RTC faces because it cannot comply with both the order entered herein and the provisions of 12 C.F.R.

§ 510.5. However, the Supreme Court has clearly held that such matters do not provide a basis for denying discovery under Rule 34, but rather should be addressed in determining the proper sanction in the event of noncompliance with the order. *Societe Internationale Pour Participations Industrielles et commerciales, S.A. v. Rogers,* 357 U.S. 197, 206–13, 78 S.Ct. 1087, 1092–96, 2 L.Ed.2d 1255 (1958).

Accordingly, it is hereby ORDERED that the defendants' Motion to Compel RTC to Provide Reasonable Discovery is GRANTED in part. RTC shall not be permitted to object to requests for the production of otherwise relevant and non-privileged documents on the ground that they are in the physical possession of the OTS.[6]

---

**6.** Consistent with the well-reasoned opinion in *F.D.I.C. v. Wise,* I have previously ruled that any regulatory privilege applicable to pre-conservatorship documents has been waived by the filing of this lawsuit. The present order is not intended to preclude RTC or OTS from raising any other claims of privilege which might pertain to documents sought by the defendants.