[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR CONTEMPT
BACKGROUND:
The Plaintiff, Edward Smith, is a co-trustee with his brother, Bruce Smith, of trusts established by their father, Arthur Smith. These trusts hold a 50 percent interest in Smith 
Weiss and a 40 percent interest in Meadow Industrial Associates (hereinafter "Meadow"), both general partnerships. Bruce Smith is also a partner in Meadow.
Smith Weiss owns real estate located at 27-29 High Ridge Road, Stamford, with Filenes Basement and Radio Shack as tenants. Tobias Weiss, a Stamford attorney, is the other 50 percent partner. According to the Plaintiff. Weiss is in possession of the partnership's records and has refused his requests for these records.
Meadow owns real estate in Fairfield, with Linens and Things as its tenant. Although the Plaintiff regularly works and confers with his brother on matters related to Meadow, the Plaintiff asserts that his brother has possession of its records and refuses to give them to him.
After the Plaintiff failed to produce documents relating to these partnerships, the Defendant sought, and obtained, an order of compliance from Judge Tierney on April 20, 1998. The Plaintiff continues to fail to produce the court ordered documents. On June 14, 1999, the Defendant filed a Motion for Contempt claiming that the Plaintiff willfully continues to refuse to produce these documents. A hearing was held on August 31, 1999.
The Plaintiff does not deny that he has failed to produce the required documents, but claims that he is unable to do so because they are not within his possession or control, they are in the possession of his brother and Weiss, and that his requests for them have been refused. Neither his brother, Bruce Smith, nor Tobias Weiss testified at the hearing but evidence produced showed that:
 (1) In response to the Defendant's request for documents, the Plaintiff had written a note stating that "Bruce Smith, the managing partner, has provided the records with the proviso that they be kept confidential and that they be used only when and where necessary." (bold and underlining in the original); CT Page 12589
 (2) The Plaintiff's brother, Bruce Smith, resides in Stamford, and the two brothers see each other at least once a week.
 (3) Both the Plaintiff and his brother have management responsibilities over his father's estate.
 (4) The Plaintiff is an attorney and has been in business with his brother for more than 30 years.
 (5) The Plaintiff has assisted in preparation of required forms for Meadow, and he regularly confers with attorneys and accountants concerning the partnership.
(6) Bruce Smith is in possession of the Meadow records.
(7) Tobias Weiss is in possession of the Smith Weiss records.
 (8) Plaintiff's requests to Smith Weiss were neither made nor confirmed in writing.
 (9) No objection was made to the Defendant's request for these documents, no claim of inability to produce was made prior to these contempt proceedings, and no motion for protective order was filed by the Plaintiff
DISCUSSION AND DECISION:
Practice Book § 13-2 permits a party to obtain production of materials "within the knowledge, possession or power of theparty or person to whom the discovery is addressed." (emphasis added)
The Plaintiff admits that he failed to produce the requested documents. He contends, however, that he is not guilty of contempt because his failure was not willful as his requests for the documents, from the parties in possession, were refused.
The issue here, is whether the Plaintiff was required to do more. As a general rule, discovery rules do not require the impossible, but they do require a good faith effort at compliance. Laing v. Liberty Loan Co., 46 N.C. App. 67,264 S.E.2d 381 (1980), appeal dismissed 300 N.C. 557, 270 S.E.2d 109
(1980). See also Universal Film Exchanges, Inc. v. Benbar CinemaCorp. , 82 Misc.2d 477, 370 N.Y.S.2d 311 (1975). CT Page 12590
Without question, the Plaintiff, as a partner, had and has a right to the documents. Section 34-377 of the Connecticut General Statutes clearly provides this right:
 "(b) A partnership shall provide partners and their agents and attorneys access to its books and records. . . .
 (c) Each partner and the partnership shall furnish to a partner . . .: (1) Without demand, any information concerning the partnership's business and affairs reasonably required for the proper exercise of the partner's rights and duties under the partnership agreement or sections 34-300 to 34-399, inclusive; and (2) on demand, any other information concerning the partnership's business and affairs . . ." (emphasis added) Conn. Gen. Stat. § 34-377.
In light of this statutory right, certain questions need answers: What efforts, if any, in addition to and beyond a mere request, were required of the Plaintiff? What efforts are required of a partner to obtain partnership documents subject to an order of production? Need a partner bring suit to force production? Did the Plaintiff's oral requests to his brother and partner satisfy the "good faith" requirement?
As it stands, the record is incomplete and additional evidence is required which could have and should have been produced, e.g. Did the Plaintiff have access to the documents? Could he have had access? Was the request a sham? Why was the request refused? What efforts were made to obtain the documents? Do these partners understand that their refusal could subject the Plaintiff to a finding of contempt and sanctions? Did the Plaintiff make a "good faith" attempt?
Witnesses are available with information bearing directly on these issues.
Discovery requests to a partner concerning partnership matters require something more than checking one's own files. InUnited Nuclear v. General Atomic, 96 N.M. 155, 629 P.2d 231, cert. denied, appeal dismissed 451 U.S. 901, reh'g denied,452 U.S. 932 (1980), the defendants claimed that documents in the possession of the partners could not be the subject of discovery orders where only the partnership, not the individual partners, was a party. The Trial Court ruled that "the right to discovery extends to `a party partnership and the individual partners CT Page 12591 comprising the partnership, and the agents, servants, employees, directors and officers of a party or partner,' and the court warned that sanctions would be imposed `for failure of the partnership or either partner thereof to comply with specific orders of the Court directing discovery.' (emphasis added)" Id., 629 P.2d 245. The court ruled that the partners have the same obligation as the partnership in their respective relationship to discovery.
On appeal, the New Mexico Supreme Court stated that the rules of discovery are designed for the fullest practicable disclosure of facts and must be liberally construed to insure that a litigant's right to discovery is "broad and flexible", that knowledge of agents or representatives of the interrogated party is included in the rule that "`all information available to the interrogated party must be supplied'", that the term "control" is . . . synonymous with the term "available", and that "it isimmaterial that the party does not own the documents . . . orthat it does not have actual physical possession of them. (emphasis added)" Id., 245-247. Where discovery is sought from a partnership, or its partners, the Court held that extra leeway should be permitted because a partnership is composed of, and can only act by and through, the actions of its constituent partners. 629 P.2d 247.
 [I]f the discovery obligations of a partnership do not extend to the individual partners, then the partners could avoid all meaningful discovery by the simple expedient of maintaining the information and documents related to the partnership business in the separately located files of the partners, rather than in the partnership offices". (emphasis added) Id., 247.
It is not difficult to understand the Defendant's frustration here. The documents are relevant to the issues presented and are appropriate for discovery. The production has been ordered. The Plaintiff has a statutory right to the documents, and both his brother and Weiss have a corresponding statutory duty to provide them. The Plaintiff and Weiss, are both Connecticut attorneys, and must be aware of these rights and obligations. The Plaintiff's effort was minimal, at best, and his note indicated that he had received the documents from his brother.
The Defendant requests that the Plaintiff be found in contempt for his failure to produce the documents. To this point, the Defendant has provided some evidence which could warrant such CT Page 12592 a finding, but not enough. Additional sources are available. To excuse the Plaintiff, without knowing more, would frustrate the purpose of a broad discovery requirement, that all relevant documents be made available to ease the burden and time of trials. It would also fail to recognize the relationship of partners to each other as it pertains to "control" of partnership documents. WRIGHT, MILLER MARCUS, Federal Practice andProcedure: Civil 2d § 2210 (1994). Inspection should be available where, as here, "the party to whom the request is madehas the legal right to obtain the document, even though in fact it has no copy." Id., at § 2210.
 "That a party does not possess documents is simply immaterial if those documents remain in that party's custody or control. Searock v. Stripling, 736 F.2d 650, 653 (11th Cir. 1984); M.L.C., Inc. v. North American Philips Corp. , 109 F.R.D. 134, 136 (S.D.N.Y. 1986). The word `control' is to be broadly construed. A party controls documents that it has the right, authority, or ability to obtain upon demand. Id.; Searock, supra, 736 F.2d at 653." Scott v. Arex, Inc., 124 F.R.D. 39 (D. Conn. 1989) (emphasis); but see at Chaveriat, Jr. v. Williams Pipeline Company," 11 F.3d 1420, 1426 (7th Cir. 1993).
Additional evidence is required on the issues of control, access, and good faith efforts. Should the Defendant wish to pursue this Motion, a further hearing will be held on Friday, September 24, 1999, at 2:30 p. m., Superior Court, 123 Hoyt Street, Stamford, CT.
HILLER, J.