**In re Frances Foster PARKER, Debtor.**

**C. Brooks Thurmond, III,
Trustee, Plaintiff,**

**v.**

**Cherie Parker and Jack Parker, jointly and severally d/b/a/ Executive Auto, Defendants.**

**Bankruptcy No. 09–65148–pwb.
Adversary No. 11–05354–pwb.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

March 29, 2013.

William Russell Patterson, Ragsdale Beals Seigler Patterson & Gray, Atlanta, GA, for Plaintiff.

Howard D. Rothbloom, The Rothbloom Law Firm, Marietta, GA, for Defendants.

## ORDER ON PLAINTIFF'S MOTIONS TO COMPEL

PAUL W. BONAPFEL, Bankruptcy Judge.

The Chapter 7 Trustee in this adversary proceeding asserts that the Debtor, Frances Foster Parker, owned real estate that

the Defendants, the Debtor's son and daughter-in-law, leased from her for 60 months under a written lease dated February 9, 2007, for use in their business known as Executive Auto. The lease provided for payment of monthly rent of $5,800 plus taxes and insurance. (Complaint, Exhibit "A").

The Trustee contends that the parties executed a modification to the lease dated October 7, 2008. (Complaint ¶ 16). The modification provided for the tenant to pay, in lieu of rent as set forth in the original lease, loan payments on the debt secured by the property directly to the lender, insurance, taxes, and maintenance on the building. (Complaint, Exhibit "F").

The Trustee asserts that the modification effected a prepetition transfer of property of the Debtor to the Defendants. Counts I and II of the complaint seek avoidance of the modification as an actually or constructively fraudulent transfer under Georgia law, O.C.G.A. §§ 18–2–74 and 18–2–75, under the provisions of 11 U.S.C. § 544 (Count I) or under 11 U.S.C. § 548 (Count II). Alternatively, Count III alleges that the Defendants created the modification document after he made demand for payment of rent under the original lease in a conspiracy to defraud the Trustee and the Debtor's creditors by avoiding the payment of rent due. (Complaint ¶¶ 33).[1] The Trustee also seeks recovery of punitive damages (Count IV) and attorney's fees (Count V).

The Trustee requested that the Defendants produce their federal tax returns for the years 2007 through 2011. These returns are relevant to the issues here, the Trustee asserts, because they would presumably show any deductions that the Defendants took on account of payment of rent under the lease and, therefore, provide proof of payments the Defendants actually made.

In response to the Trustee's motion to compel the production of their federal tax returns, the Defendants state that they have not filed the returns for the years in question. (Docket No. 47 at 2). The Defendants' position contradicts the deposition testimony of Mr. Parker that he and his wife had filed joint tax returns for the years in question and had not taken any deductions with regard to payments on the mortgage loan, insurance, or taxes. (Docket No. 50 at 7–8).

The Defendants obviously cannot produce tax returns if they do not have them; if they did not file them, they obviously do not have them. In these circumstances, the Trustee seeks an order compelling the Defendants to execute and deliver to the Internal Revenue Service a Form 4506, which would grant permission to the Internal Revenue Service to release to them copies of the tax returns. (Docket Nos. 39, 40). The Defendants oppose this requirement because submission of Form 4506 would alert the IRS to their failure to file returns and could subject them to potential civil and criminal consequences. (Docket No. 47 at 5–6).

The Court must address two questions. First, it must determine whether the tax returns, assuming they exist, are discoverable. If so, the Court must then determine whether it may compel the Defendants to execute Form 4506 to obtain copies of them, if they exist.

### I. Discovery of Tax Returns

 Courts are understandably reluctant to permit the discovery of federal tax

---

1. The Trustee does not seek to avoid the modification as a postpetition transfer under 11 U.S.C. § 549 to the extent that the parties executed it after the filing of the Debtor's bankruptcy petition.

returns as a routine matter. Because tax returns contain highly sensitive information, compelled disclosure intrudes on the taxpayer's privacy concerns and may threaten "the effective administration of our federal tax laws given the self-reporting, self-assessing character of the income tax system."[2] Nevertheless, a federal tax return is discoverable if it contains information relevant to the issues and the information in the returns is not otherwise readily obtainable.[3]

■ The relevance of the tax returns, if filed, is that they would show the amounts, if any, of the deductions that the Defendants took for rent as a business expense. As such, the returns are relevant to the issues here because they could provide evidence of what the defendants actually paid.

Under the theories of the Trustee's complaint, however, the amount of rent actually paid is relevant only for the years 2007 and 2008. In this regard, the Trustee alleges that the Defendants did not pay rent due under the terms of the lease after the date of the modification. (Complaint ¶¶ 16). The Trustee also alleges that the Defendants created the modification after he made demand for the rent due under the original lease to defraud the Trustee and the Debtor's creditors by avoiding the payment of the rent. (Complaint ¶¶ 33–35).

Both theories thus assert that, after the date of the modification, the Defendants did not pay rent as the original lease required. This is the same position the De-

fendants take. Consequently, whether the Defendants actually paid rent as the original lease requires during the years 2009 through 2011 is not an issue in this proceeding. It follows that the tax returns for those years can lead to no relevant evidence on this issue and are not subject to discovery unless they are relevant to some other issue.

■ Although the Trustee has not identified any other basis on which information in the returns is relevant to a disputed issue, the Trustee contends that the *nonexistence* of the tax returns is relevant to the question of whether actual fraud occurred. The Trustee's theory is that proof of the nonexistence of the returns bears on the credibility of Mr. Parker in view of his deposition testimony that he and his wife had filed joint returns.

As an initial matter, whether the Defendants did or did not file tax returns is not material to any substantive issue in this proceeding. The questions are what payments the Defendants made and when they executed the modification, not whether or how they reported any payments they did make to the Internal Revenue Service. Because it does not matter how the Defendants reported any payments they made, the nonexistence of the returns does not prove or disprove any material fact at issue in this proceeding.

■ The credibility of a witness, of course, is always a relevant question in an adversary proceeding. But confirming the nonexistence of the tax returns does not

**2.** *See, e.g., Natural Gas Pipeline Co. of America v. Energy Gathering, Inc.,* 2 F.3d 1397, 1411 (5th Cir.1993), *citing Commodity Futures Trading Commission v. Collins,* 997 F.2d 1230, 1233 (7th Cir.1993).

**3.** *See, e.g., F.D.I.C. v. LeGrand,* 43 F.3d 163, 172 (5th Cir.1995); *Scott v. Arex, Inc.,* 124 F.R.D. 39, 41 (D.Conn.1989) *United States v.*

*Bonanno Organized Crime Family of La Cosa Nostra,* 119 F.R.D. 625, 627 (E.D.N.Y.1988); *S.E.C. v. Cymaticolor Corp.,* 106 F.R.D. 545, 547 (S.D.N.Y.1985). *See also St. Regis Paper Co. v. United States,* 368 U.S. 208, 218–219, 82 S.Ct. 289, 7 L.Ed.2d 240 (1961) (noting in dicta that tax returns are discoverable).

add anything to the credibility issue here in view of the fact that Mr. Parker has already taken contradictory positions as to their filing. A party may impeach a witness with a prior inconsistent statement, but not by attempting to prove that a witness' statement with regard to a non-material matter is not true through other evidence. Thus, the tax returns are not relevant under the theory that their non-existence would lead to the discovery of admissible evidence in this proceeding.

The second requirement for the discovery of federal tax returns is a showing that the information in the returns is not otherwise readily obtainable. The Trustee seeks the returns here to obtain evidence with regard to whether the Defendants made payments in accordance with the terms of the original lease prior to the date of its modification. What their tax returns show as deductions for rent as a business expense for the years in question may tend to prove what they did pay.

The Trustee might, of course, obtain evidence of payments through the testimony of the Defendants who made them and the Debtor who received them. Further evidence with regard to rental payments in 2007 and 2008 could also exist in properly maintained and fully accurate records of the Defendants and of the Debtor. Presumably, such evidence does not establish that the Defendants made the payments, and they contend that they did not. Otherwise, the Defendants could avoid this discovery dispute by conceding that they made payments as the Trustee asserts or producing documentary evidence to that effect.

These alternative sources of evidence, of course, are peculiarly within the knowledge and control of the Defendants and the Debtor, Mr. Parker's mother. Tax returns for 2007 and 2008 provide a readily available way for the Trustee to obtain evidence to confirm or refute the position of the Defendants. On the other hand, it appears that the information in the tax returns is not "readily obtainable" through any alternative source in view of the relationships among the Defendants and the Debtor and the interests of the parties.

In the circumstances of this proceeding, the Court concludes that the 2007 and 2008 tax returns contain relevant information that is not otherwise readily obtainable. As such, the returns are discoverable.[4]

## II. Execution of Form 4506

 Rule 34 of the Federal Rules of Civil Procedure, *applicable under* Fed. R. Bankr.P. 7034, requires the production of discoverable documents that are in a party's "possession, custody, or control." A document is in the possession, custody, or control of a party not only when a party has actual possession, but also when it has the legal right to obtain the documents on demand.[5] Rule 34 requires a party to make a good faith effort to obtain responsive documents that it has the legal right to obtain and to produce any documents that it acquires as a result of that effort.[6]

4. *See, e.g., F.D.I.C. v. LeGrand,* 43 F.3d 163, 172 (5th Cir.1995); *United States v. Bonanno Organized Crime Family of La Cosa Nostra,* 119 F.R.D. 625, 627 (E.D.N.Y.1988); *S.E.C. v. Cymaticolor Corp.,* 106 F.R.D. 545, 547 (S.D.N.Y.1985).

5. *Searock v. Stripling,* 736 F.2d 650, 653–54 (11th Cir.1984); *accord, e.g., In re Citric Acid Litigation,* 191 F.3d 1090, 1107 (9th Cir. 1999); *In re Bankers Trust Co.,* 61 F.3d 465,

469 (6th Cir.1995) (citing *Resolution Trust Corp. v. Deloitte & Touche,* 145 F.R.D. 108, 110 (D.Colo.1992)); *Scott v. Arex, Inc.,* 124 F.R.D. 39, 41 (D.Conn.1989); *In re Wright,* 2005 WL 6488101, *2–3 (Bankr.N.D.Ga.2005) (Drake, J.).

6. *Searock v. Stripling,* 736 F.2d 650, 654 (11th Cir.1984); *accord, Sciele Pharma, Inc. v. Brookstone Pharmaceuticals, L.L.C.,* 2011 WL 3844891, *4 (N.D.Ga.2011) (Carnes, J.).

In accordance with these principles, courts have consistently ruled that Rule 34 imposes a duty on a party to execute a Form 4506 to obtain discoverable tax returns and to produce them when the taxpayer does not have possession of them.[7]

The situation here, however, is somewhat different because the Defendants resist execution of a Form 4506 on the ground that they did not file the tax returns. If the Court accepted the Defendants' factual position, the Court would be faced with an apparently novel legal question: whether Rule 34 requires a party to execute a Form 4506 with regard to tax returns that are not in existence. The parties have cited no cases addressing this issue, and the Court's independent research has not found any, either.

But the Court need not consider that issue here in view of Mr. Parker's deposition testimony that he and his wife had filed joint returns for the years in question. Mr. Parker can hardly expect the Court to resolve the factual question of whether he filed the returns when the evidence consists of his own conflicting statements. Rather, the appropriate way to determine whether he and his wife filed the returns is for him to exercise the control he has to request copies of them from the Internal Revenue Service.

The Court will, therefore, grant the Trustee's motions to compel the Parkers to produce their tax returns for the years 2007 and 2008. If, as Mr. Parker now asserts, the returns do not exist because the did not file them, they may meet their obligations under Rule 34 by providing appropriate documentary evidence to the Trustee that they have submitted a Form 4506 to the Internal Revenue Service for each of the years 2007 and 2008 and that the IRS has reported that it has no record of the returns. The Parkers shall comply with this Order within 30 days from the date of this Order, subject to extension upon his showing that they promptly and properly submitted Form 4506 but have not yet received a response from the IRS.

If the Parkers declines to comply with this Order, the Court will consider the imposition of appropriate sanctions. Sanctions may include evidentiary determinations that the Parkers filed federal income tax returns for the years 2007 and 2008 and that the tax returns reflected deductions from income for business expenses in the amount of the rent set forth in the original lease dated February 9, 2007, through the date of the modification.

**IT IS ORDERED.**

---

7. *Smith v. Mpire Holdings, LLC,* 2010 WL 711797 (M.D.Tenn.2010); *Butler v. Exxon Mobil Ref. and Supply Co.,* 2008 WL 4059867 (M.D.La.2008); *Thai v. Miller Truck Lines,* Inc., 2006 WL 2349605 (W.D.La.2006); *In re Wright,* 2005 WL 6488101, *3 (Bankr.N.D.Ga. 2005) (Drake, J.).