Helen M. COX, Administratrix of the Estate of Arthur Norman Cox, Jr., Deceased, Plaintiff,

v.

E. I. DU PONT de NEMOURS AND COMPANY, Defendant.

Civ. A. No. 4744.

United States District Court
D. South Carolina,
Greenville Division.

Nov. 16, 1965.

See also D.C., 38 F.R.D. 8.

Wesley M. Walker, Fletcher C. Mann, and J. Brantley Phillips, Jr., of Leatherwood, Walker, Todd & Mann, Greenville, S. C., for plaintiff.

J. Bruce Foster, of Odom, Nolen & Foster, Spartanburg, S. C., and Harry DuMont, of Uzzell & DuMont, Asheville, N. C., for defendant.

HEMPHILL, District Judge.

Motion for Production and Entry Upon Property, pursuant to Rule 34,[1] Federal Rules of Civil Procedure seeks favorable decision of the Court:

To permit entry upon the duPont Brevard Plant, Polyester Building, Brevard, North Carolina, for the purpose of inspecting, measuring and photographing the property and the treatment coater machine contained therein, including controls, instruments and all related functions.

A supporting affidavit of plaintiff's counsel, Wesley M. Walker, Esquire, avers:

[T]hat the defendant, E. I. duPont de Nemours and Company, is in possession and control of its Brevard Plant, Polyester Building, Brevard, North Carolina, which contains evidence relative to the matter involved in this action; that said Polyester Building was the situs of the injuries received by Arthur Norman Cox, Jr. on or about August 23, 1963.

The defendant, E. I. duPont de Nemours and Company, previously produced certain plans, specifications and photographs of the treatment coater machinery situated in the Polyester Building and has further produced certain statements which make numerous references to activities within the Polyester Building at the time of the injuries to Arthur Norman Cox, Jr.; that the defendant, through its respective attorneys, has questioned certain of the witnesses concerning the placement of machinery within the Polyester Building and the location of controls, instruments and other features of the premises which are relevant and material to the matter involved in this action.

Rule 30(b) is specific in its limitation "that secret processes, developments, or research need not be disclosed * * *," and that "the court may make any other order which justice requires to protect the party or witness from annoyance, embarrassment, or oppression." Rule 26 (b) enlarges the scope of discovery examination (deposition) to that "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action * * *." This Court, having in mind these and other guidelines of rule or decision as to the magnitude or limitation of discovery, and having passed upon other matters incident hereto, heard the matter in Chambers, Greenville, South Carolina, November 15, 1965.

1. Upon motion of any party showing good cause therefor upon notice to all other parties, and subject to the provisions of Rule 30(b), the court in which an action is pending may * * * * * * (2) order any party to permit entry upon designated land or other property in his possession or control for the purpose of inspecting, measuring, surveying, or photographing the property or any designated object or operation thereon within the scope of the examination permitted by Rule 26(b).

"If the object itself is properly the subject of discovery, the party, having ascertained its location, may endeavor to require production under Rule 34, but he is *entitled to learn of the existence and location of tangible things even though the thing itself is one which he cannot compel to be produced.*" [2] [Emphasis supplied.]

■ Fortunately, in the search for the ultimate, TRUTH, the Federal Courts, blessed with the rules of discovery, are not shackled with strict interpretations of relevancy. "Indeed it is not too strong to say that discovery should be considered relevant where there is any possibility that the information sought may be relevant to the subject matter of the action. If protection is needed, it can better be provided by the discretionary powers of the court under rule 30, rather than a constricting concept of relevance." [3]

■ On Tuesday, November 23, 1965, or Wednesday, November 24, after notice by telephone or wire to J. Bruce Foster, Esquire, of counsel for defendant DuPont (not later than 12 Noon November 20) plaintiff Cox shall have the right of entry upon the DuPont Brevard Plant, Polyester Building, Brevard, North Carolina, for the stated purposes of the motion, commencing at 10:00 A.M. on the designated date and terminating not later than 4:45 P.M. Counsel shall be limited to three for plaintiff, and shall be accompanied at all times by not more than three, in discretion of defendant DuPont, of counsel for DuPont. Inspection shall be made of the Polyester Building and such room or rooms as contain, or are alleged to contain the machine, and connected feeder, successor or incidental machines as are such a part of the principal or subject machine where deceased is alleged by pleadings, claimed by discovery processes, or revealed by responses to discovery, to have been working at the time of his injury or death.

Also like discovery can be had of the controls of the aforesaid machinery as well as the areas where located, such controls having been one of the subjects of several discovery depositions heretofore taken in this cause.

Not more than two of counsel for defendant Blaw Knox shall have the same privilege and limitation as counsel for plaintiff Cox.

At 11:00 A.M. on the designated date DuPont shall furnish, at said main room (or other place agreed upon among counsel) a photographer, properly equipped with modern camera and appurtenances and shall take such pictures as plaintiff's counsel (who are directed to designate one man as Chief Counsel and spokesman) and counsel for Blaw Knox (again, one spokesman) shall direct. Of course DuPont may, at the same time direct the taking of such pictures as that defendant may designate. The photographer shall be reliable, his fees reasonable, and he shall thereafter make available to all counsel at such place and time as they shall agree, all pictures taken, negatives exposed, or developments made as a result of and originated on the day of such discovery.

Upon request of counsel the photographer shall be available for deposition, or as a witness, at any trial or trials on the issues hereof.

This order is not license for the inspection, discovery, or exposure of secret processes, etc., and, if the question shall arise as to the propriety of inspection, photography, etc., this forum remains open for resort of any parties, and the discovery shall proceed, but any recording, exposure, or public display of same is withheld pending further order of this Court. It is observed that only

---

2. Wright: Federal Courts, 1963 Ed. p. 310, citing Margeson v. Boston & M. R. R., 16 F.R.D. 200 (D.Mass.1954); 2A Barron & Holtzoff (Wright Ed. 1961) § 650.1.

3. Wright, supra, n. 2, pp. 310–311.

counsel will be present, and the absence of technicians, engineers, specialists, or scientists in the employ, or at insistence, of the parties pursuing discovery here, poses little likelihood of any prejudicial invasion of secret data or processes of DuPont.

In the event no further controversy arises as to the matters pertaining to this particular order, parties are expected to make full disclosure and engage in full discussion at a pre-trial, contemplated and to be held at a future and designated date.

And it is so ordered.