**Jeffrey M. BLUM, Plaintiff,**

v.

**John H. SCHLEGEL, et al., Defendants.**

**No. 91–CV–633S.**

United States District Court,
W.D. New York.

July 8, 1993.

Jeffrey M. Blum, pro se.

Douglas S. Cream, New York State Dept. of Law, Buffalo, NY, for defendants.

Lawrence J. Vilardo, Connors & Vilardo, Buffalo, NY, for intervenor Avery.

## DECISION AND ORDER

HECKMAN, United States Magistrate Judge.

Plaintiff has moved pursuant to Rule 37 of the Federal Rules of Civil Procedure to compel the production of documents from the tenure review files of Professor Dianne Avery and other law school faculty, as set forth in ¶¶ 1, 2, and 4(b)–(e) of Plaintiff's interrogatories and document demands dated March 2, 1993. Professor Avery has moved pursuant to Rule 24 to intervene for the limited purpose of protecting her confidentiality interest in the requested documents,

and has also moved (along with Defendants) for a protective order pursuant to Rule 26(c).

The court is satisfied that Professor Avery's application meets the requirements for non-statutory intervention as of right, as set forth in Rule 24(a)(2). *See, e.g.,* 3B Moore's Federal Practice, ¶ 24.07[1], p. 24–42 (citing cases); *see also H.L. Hayden Co. v. Siemens Medical,* 797 F.2d 85, 87–88 (2d Cir.1986); *United States v. American Tel. and Tel. Co.,* 642 F.2d 1285 (D.C.Cir.1980). Accordingly, Professor Avery will be allowed to intervene in this action for the limited purpose of protecting her interest in the confidentiality of the information contained in documents requested by Plaintiff during the course of discovery. The caption of the case will remain unchanged.

In order to facilitate resolution of Plaintiff's motion to compel, by order dated June 29, 1993, Plaintiff was allowed to review the tenure file in question under a strict confidentiality order. Pursuant to that order, Plaintiff has identified documents in the file which he seeks to use at the depositions of various defense witnesses. Defendants and Intervenor oppose the use or disclosure of these documents. The documents consist of (1) external reviews of Professor Avery's legal scholarship, and (2) internal letters and memoranda discussing Professor Avery's tenure application. The documents in question have all been reviewed by the court.

Upon such review, this Court finds that none of the identified documents are relevant to the claims in this case within the meaning of Rule 26(b)(1) of the Federal Rules of Civil Procedure. Furthermore, I find that disclosure or use of these documents would cause annoyance, embarrassment, oppression and undue burden and expense within the meaning of Rule 26(c). Accordingly, for the reasons set forth below, Plaintiff's motion to compel is denied, and Defendants' and Intervenor's motions for a protective order are granted.

### 1. *Relevance under Rule 26(b)(1)*

Rule 26(b)(1) provides in pertinent part as follows:

> Parties may obtain discovery regarding any matter, not privileged, which is rele-vant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

In its order of June 29, 1993, the court held that the documents sought by Plaintiff and subject to his motion to compel are not protected by any recognized confidentiality privilege, under the holding of *University of Pennsylvania v. E.E.O.C.,* 493 U.S. 182, 110 S.Ct. 577, 107 L.Ed.2d 571 (1990). However, as discussed herein, this finding does not mean that the documents are otherwise discoverable under Rule 26.

The language in Rule 26(b)(1) as to any matter "relevant to the subject matter involved in the pending action" has been construed "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978). While no general rules have been developed for determining relevance in the context of Rule 26(b)(1), courts in the Second Circuit have frequently denied discovery requests for information that has no conceivable bearing on the case. *See, e.g., Lemanik, S.A. v. McKinley Allsopp, Inc.,* 125 F.R.D 602, 608 (S.D.N.Y.1989) (citing cases). Thus, even though the standard of relevancy for discovery purposes is a liberal one, "it has long been the rule in this Circuit that 'the parties should not be permitted to roam in shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so.'" *Id.* (quoting *Broadway & Ninety-*

*Sixth St. Realty Co. v. Loew's Inc.,* 21 F.R.D. 347, 352 (S.D.N.Y.1958)).

▮ The court's review of the disputed documents reveals that the tenure review information requested by Plaintiff has no bearing on any issue in the case. Despite ample opportunity to do so, Plaintiff has failed to show how production of those documents reasonably could lead to the discovery of any information relevant to the claims in the complaint. These claims are discussed in detail in my previous report and recommendation dated December 14, 1992 recommending denial of Plaintiff's motion for preliminary relief. That report and recommendation, with one modification of no consequence to this order, was adopted by Judge Skretny by order dated July 1, 1993.

The court has received numerous submissions from Plaintiff, along with copies of correspondence between the parties (in the face of express orders to refrain from such submissions), in which Plaintiff vainly attempts to explain how the documents might somehow be relevant to his claims and hypotheses. He also improperly admonishes the court regarding the proper application of the concept of "relevance" under the Federal Rules of Civil Procedure and Evidence (*see, e.g.,* letter from Plaintiff dated June 30, 1993).

The *only* theory of relevance advanced by Plaintiff is what he refers to as the "nepotistic tenure swap" theory. According to this theory, Plaintiff hypothesizes that Professor Avery, whose husband is also a tenured professor at the Buffalo Law School, was granted tenure not on her own merit, but as the result of an agreement by university officials to overlook the original negative recommendation of the President's Review Board ("PRB") in return for a promise by the law school faculty not to recommend Plaintiff for tenure. According to Plaintiff, such an agreement may have been negotiated in order to spare the University the difficult task of considering Plaintiff's merits because he had taken a controversial position on several issues (including criticism of certain law faculty and their methods of teaching law) which had offended certain "influential persons." Plaintiff proffers that the Avery file documents will provide evidence of this hy-

pothesis, or will at least provide a means for comparison to demonstrate that a merit-based review of Plaintiff's dossier would have resulted in a favorable tenure recommendation.

The documents reviewed by the court contain no such evidence, nor do they contain any information that reasonably could lead to the discovery of any such evidence. The documents show only that a thorough, merit-based consideration of Professor Avery's professional qualifications was conducted at every level of the university administration, and that reasonable minds differed as to the weight to be given certain of those qualifications during the course of that review.

Not surprisingly, there is no mention of Plaintiff anywhere in Professor Avery's file, nor is there any indication that the decision in her case was not based on the merits of her credentials. Plaintiff has plainly failed to demonstrate how the information in the requested documents in any way tends to prove, or reasonably could lead to other information that could conceivably tend to prove, that Professor Avery's tenure had anything at all to do with Plaintiff.

Indeed, as previously found by this court in its December 14, 1992 report and recommendation and as affirmed by the district court in its order of July 1, 1993 (at p. 36), Plaintiff himself never went through the tenure review process because he withdrew from the process before it got underway. Accordingly, a comparison of his case to Professor Avery is a comparison of apples to oranges.

The only other possible relevance theory relates to Plaintiff's first amendment claim that he was denied a fair consideration for tenure because of his views on certain controversial issues. Apparently, Plaintiff seeks to prove his case by comparing his credentials as a candidate for tenure to other law professors' credentials who were given tenure. In this way, Plaintiff hopes to demonstrate that the only motivation for the law school's negative view of his tenure application was to retaliate against him for protected first amendment speech. As already pointed out, this theory fails because the

Plaintiff "consented to postpone his promotion and tenure review and subsequently withdrew." Order of Hon. William M. Skretny dated July 1, 1993, at 36. Since Plaintiff's tenure case was never processed at the various levels of administrative review, his dossier cannot contain the same type of documentation that he seeks from the files of other law professors, and thus presents no basis for comparison to show different or disparate treatment.

But even if Plaintiff had gone through the tenure review process and had actually been denied tenure, this theory would not support disclosure of the contents of the Avery tenure review file. Plaintiff has failed to show how outside reviewers' evaluations or internal correspondence pertaining only to the particular candidate's tenure case, and submitted under an understanding of confidentiality, could provide a basis for a statistical analysis that would have any bearing on Plaintiff's first amendment claim. Furthermore, Plaintiff has already obtained resumes and other information on the other law school faculty, including Professor Avery, which is sufficient to enable him to present statistical data as to the credentials of other tenure candidates (see ¶¶ 3(b) and (c) of this court's order dated April 16, 1993).

Finally, this court cannot sit as a "super tenure committee" with the power to conduct a review of the merits of Plaintiff's qualifications for promotion and tenure, especially where no such review has ever been conducted by the law school. *See, e.g., Faro v. New York University*, 502 F.2d 1229, 1231-32 (2d Cir.1974); *Louis v. Bd. of Ed. of City of New York*, 705 F.Supp. 751, 761 (E.D.N.Y.1989).

Plaintiff has therefore failed to demonstrate how the information in the Avery tenure file is relevant to his claims that he was wrongfully denied his right to sixth-year tenure review, that he was denied tenure by some "sleight of hand" procedure not applied to anyone else, or that he was denied tenure because of his advocacy of controversial positions on issues of public interest. The documents reviewed by the court confirm the futility of Plaintiff's search of the tenure files for material relevant to such claims. Plaintiff cannot be allowed to continue to "search

in the shadow zones of relevancy" for information that simply is not there, particularly where there are significant reasons not to order disclosure, as set forth below.

### 2. *Protection from undue burden under Rule 26(c)*

■ The broad scope of discovery under Rule 26(b)(1) is also expressly limited by Rule 26(c), which grants the court authority, upon a strong showing of good cause, to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . that the discovery not be had." *See Howard v. Galesi*, 107 F.R.D. 348, 350 (S.D.N.Y.1985) (strong showing of good cause required). The party seeking protection from disclosure has the burden of making a particular and specific demonstration of fact, as distinguished from general, conclusory statements, revealing some injustice, prejudice, or consequential harm that will result if protection is denied. *In re Agent Orange Product Liability Litigation*, 104 F.R.D. 559, 571 (E.D.N.Y.1985); 8 C. Wright & A. Miller, Federal Practice & Procedure § 2035, pp. 264-66.

■ Defendants and Professor Avery have met their collective burden for a protective order. The court's review of the disputed documents has provided the specific factual demonstration required under Rule 26(c). As discussed above, those documents contain sensitive, scholarly critiques of Professor Avery's scholarship and capacity as an instructor of law, submitted under conditions of strict confidentiality. They also contain personal observations of reviewers and advocates reflecting considerations pertinent *only* to the processing of Professor Avery's promotion and tenure.

Disclosure of these documents would serve only to cause further annoyance, embarrassment, oppression and hardship to Professor Avery. Plaintiff's assertion of speculative, unsubstantiated reasons for production of Professor Avery's file—*i.e.,* the tenure swap hypothesis—as well as his publication of this hypothesis to university officials and the Buffalo Law School community at large, has

already caused Professor Avery needless annoyance, embarrassment, and expense. It would be patently unfair to Professor Avery to require her continued involvement in this action, and the accompanying burden and expense, in order to ensure protection against further oppression caused by Plaintiff's advancement of a theory completely without factual support. This is undeniably the kind of consequential harm which Rule 26(c) was designed to protect against. *See, e.g., Herbert v. Lando,* 441 U.S. 153, 177, 99 S.Ct. 1635, 1649, 60 L.Ed.2d 115 (1979) (Rule 26(c) gives court authority to exercise appropriate control over discovery abuses); *Samad v. Jenkins,* 845 F.2d 660, 663 (6th Cir. 1988) (information compiled during law school professor's "termination for cause" proceedings protected under Rule 26(c) because it did not effect his ability to demonstrate denial of a federally protected right); *Keyes v. Lenoir Rhyne College,* 552 F.2d 579, 581 (4th Cir.1977) (confidential evaluations of other professors protected by Rule 26(c) from discovery in a Title VII case since college did not use those evaluations to justify male-female hiring disparity). It is a harm which is especially egregious under the circumstances of this case where Plaintiff himself, for whatever reason, has not had a comprehensive tenure review, and thus has no like means of comparison of the treatment he was accorded with that of Professor Avery or any other law professor who has endured the process.

Moreover, Defendants have satisfied the court that allowing disclosure of confidential information, opinions and judgments pertaining to other Buffalo Law School faculty would have serious potential for harm to those persons' interests in candid, professional evaluation of their qualifications as law professors which, when considered in light of Plaintiff's failure to demonstrate the relevance of that information to his claims in this case, outweighs Plaintiff's need for discovery. *See, e.g., Gray v. Board of Higher Education, City of New York,* 692 F.2d 901, 903 (2d Cir.1982) (professor's right to discovery balanced against need to protect confidentiality of information in tenure review file).

Accordingly, Defendants and Intervenor have presented good cause for an order pursuant to Rule 26(c).

### *CONCLUSION*

For the foregoing reasons, Plaintiff's motion to compel is denied. To the extent not directly discussed above in this decision and order, this ruling applies to the items requested in ¶¶ 1, 2, and 4(b)–(e) of Plaintiff's interrogatories and document demands dated March 2, 1993. Defendants' and Intervenor's motions for a protective order are granted. Pursuant to Rule 26(c)(1), the Court orders that discovery of those items not be had. The provisions of this Court's previous protective order dated June 29, 1993 shall remain in effect insofar as such provisions are not inconsistent with this order.

**SO ORDERED.**