**UNITED STATES of America, Plaintiff,**

v.

**J.M. TAYLOR, et al., Defendants.**

**No. 3:89CV00231.**

United States District Court,
M.D. North Carolina,
Rockingham Division.

April 18, 1996.

Lawrence W. Puckett, Robin E. Lawrence, Environmental Enforcement Section, Environment & Natural Resources Division, United States Department of Justice, Washington, DC, Charles V. Mikalian, United States Environmental Protection Agency, Region IV, Atlanta, GA, for Plaintiff.

Richard E. Fay, Petree Stockton, L.L.P., Charlotte, NC, for Shell Oil Company and Liaison Counsel for Group I Defendants.

Thomas McKee Dee, Jerry Kevin Ronecker, Husch & Eppenberger, St. Louis, MO, for Olin Corporation.

R. Howard Grubbs, Jeffrey L. Furr, Womble, Carlyle, Sandridge & Rice, Winston–Salem, NC, for Ciba–Geigy Corporation and Liaison Counsel for Group II Defendants.

David E. Nash, Thompson, Hine & Flory, Cleveland, Ohio, for Mobil Oil Corporation.

Michael B. Victorson, Robert E. Lannan, Robinson & McElwee, Charleston, West Virginia, for Kaiser Aluminum & Chemical Corporation.

John A. Andreason, McGrath North Mullin & Kratz, P.C., Omaha, NE, for Grower Service Corporation.

L. Neal Ellis, Jr., Christopher G. Browning, Jr., Matthew P. McGuire, Hunton & Williams, Raleigh, NC, for Union Carbide Corporation.

### *ORDER*

TILLEY, District Judge.

Defendant Union Carbide Corporation ("UCC") appeals the Magistrate Judge's Order of February 27, 1996. UCC has filed a brief and requests oral argument. The United States vigorously opposes the appeal. It points out that while UCC contends that the Magistrate Judge's Order is "unprecedented," that contention is wrong and that UCC must show that the Order is clearly erroneous or contrary to law. UCC has not done this.

The major thrust of UCC's appeal is its contention that it should not be held responsible for preparing its Rule 30(b)(6) deposition witnesses at the time of their depositions. Rather, it claims it should be allowed to continue their preparation after the depositions by being allowed to dribble in its final positions through Fed.R.Civ.P. 26(e) supple-

mentations and Rule 26(a)(3) disclosures thirty days prior to trial, or else release them in a final deluge at trial. The impracticality of UCC's position is evident. The fact that this case involves events which occurred two to three decades ago does not alter the situation.

In March of this year, UCC's former subsidiary, Grower Service Corporation ("Grower"), discovered numerous old documents prior to the end of the scheduled discovery period. Recognizing that its own Rule 30(b)(6) deposition of Grower was substantially impaired because Grower had not had its people review these documents prior to the Rule 30(b)(6) deposition, UCC sought to conduct a continuation of the Rule 30(b)(6) deposition of Grower as well as to depose or redepose other Grower employees. (March 25, 1996 UCC letter to the Court.) This amply demonstrates that irrespective of the age of the matters involved in a Rule 30(b)(6) deposition, when a party does not fully prepare for its Rule 30(b)(6) deposition, the other parties are severely prejudiced and the orderly scheduling of a case for discovery and trial is severely disrupted.

The Court has reviewed the Order pursuant to Fed.R.Civ.P. 72(a) and 28 U.S.C. § 636(b)(1)(A) and finds nothing therein to be clearly erroneous or contrary to law. Therefore,

**IT IS ORDERED** that the Magistrate Judge's Order of February 27, 1996 be, and the same hereby is, affirmed.

**IT IS FURTHER ORDERED** that defendant Union Carbide Corporation's motion for oral argument is denied.