**David and Joezette PROKOSCH, Plaintiffs,**

v.

**CATALINA LIGHTING, INC., a Florida corporation, Catalina Industries, Inc. (f/k/a Dana Lighting, Inc.), a Florida Corporation, Pamida, Inc., a Delaware Corporation, and YES International a/k/a American Lighting Industry, Inc., a California Corporation, Defendants.**

**No. CIV. 98–2208 JMR/RLE.**

United States District Court, D. Minnesota.

May 24, 2000.

---

Tony Raymond Krall, John Robert Keena, Hanson Lulic & Krall, Minneapolis, MN, Kevin Starr Carpenter, Holmen & Carpenter, St. Cloud, MN, for plaintiffs.

Susan Kathleen Conley, Neal J. Robinson, Conley & Borgeson, Minneapolis, MN, Sharon K. Hills, Severson, Sheldon, Dougherty & Molenda, Apple Valley, MN, Thomas Raymond Thibodeau, Jerome D. Feriancek, Thibodeau, Johnson, Feriancek & Costley, Duluth, MN, for defendants.

## MINUTE ORDER

ERICKSON, United States Magistrate Judge.

### I. *Introduction*

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(A), upon the Plaintiffs' Motion to Compel responses to several outstanding discovery requests, and for Sanctions.

A Hearing on the Motion was conducted on May 18, 2000, at which time, the Plaintiffs appeared by John Robert Keena, Esq., and the Defendant, YES International, Inc., a/k/a American Lighting Industry, Inc. ("American"), appeared by Jerome D. Feriancek, Esq.

For reasons which follow, the Plaintiffs' Motion to Compel, and for Sanctions, is granted in part.

## II. *Discussion*

This lawsuit arises out of a fire which occurred, on March 11, 1997, at the home of the Plaintiffs. The Plaintiffs allege that the fire was caused by a torchiere-style halogen lamp that was sold by the Defendants American, and Pamida, Inc. In our Order of April 3, 2000, American was directed to fully and completely respond to all discovery requests, including those that were out-standing, by April 17, 2000. See, *Order dated April 3, 2000 [Docket No. 53]*. However, as urged by the Plaintiffs, notwithstanding this directive, American's discovery responses have been largely nonresponsive, evasive, and misleading. The Plaintiffs also contend that, in response to a noticed Rule 30(b)(6) deposition, American failed to produce a deponent with relevant knowledge as to subjects that were known to, or reasonably available, to American's corporate organization. In response to these accusations, American's counsel represents that his client has informed him that it has produced all relevant discovery materials that are within its possession.

Of course, the threshold requirement of discoverability is whether the information sought is "relevant to the subject matter involved in the pending action." *Shelton v. American Motors*, 805 F.2d 1323, 1326 (8th Cir.1986). Of course, to be discoverable, the information "need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." *Rule 26(b)(1), Federal Rules of Civil Procedure*. The standard, therefore, is widely recognized as one that is necessarily broad in its scope, in order to allow the parties essentially equal access to the operative facts. See, *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 382 (8th Cir. 1992); *Leighr v. Beverly Enterprises–Kansas, Inc.*, 164 F.R.D. 550 (D.Kan.1996); *Cox v. E.I. Du Pont de Nemours & Co.*, 38 F.R.D. 396, 398 (D.S.C.1965). Notwithstanding the liberality of discovery, however, it is not without bounds. As our Court of Appeals has observed:

> [T]his often intoned legal tenet should not be misapplied so as to allow fishing expeditions in discovery. Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case.

*Hofer v. Mack Trucks*, supra at 380.

Therefore, despite the liberality of discovery, "we will remain reluctant to allow any party to 'roam in the shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so.'" *Onwuka v. Federal Express Corp.*, 178 F.R.D. 508, 516 (D.Minn.1997); *Carlson Cos., Inc. v. Sperry & Hutchinson Co.*, 374 F.Supp. 1080, 1089 (D.Minn.1973); see also, *Blum v. Schlegel*, 150 F.R.D. 38, 39 (W.D.N.Y.1993).

Here, American does not challenge the propriety of the discovery requests that have been propounded by the Plaintiffs. Rather, American contends that it has produced all of the documentation that is responsive to these requests, which is within its possession. In response, the Plaintiffs question the veracity of any such representation. According to the Plaintiffs, during discovery, they served a variety of discovery requests upon American, which sought to establish whether American was a manufacturer, or a designer, of halogen lamps. In addition, the Plaintiffs sought to discover information concerning the corporate structure of American.

As related by the Plaintiffs, in response to these requests, American has either offered false information, or no information at all. For example, American has offered the Affidavit of Mr. Huy Ly ("Ly"), which avers that American is not a manufacturer of lamps, and that, in fact, it purchases lamps from two distributors, Semilla Industrial Co., and Kingdom Lighting Industry Co. See, *Affidavit of J. Robert Keena, Ex. A*. However, the Plaintiffs claim that they have discovered a patent pending on safety features for lamps, that is attributable to an American consultant, Mr. John Yey ("Yey"). See, *Id., Ex. B*. In addition, during a deposition, Bernard Koay, the President of American, admitted that American purchased lamps from a third manufacturer, known as Bright Lamps. See, *Keena Aff., Ex. C.*, at 36. However, despite these revelations, American has not produced requested documents regarding Semilla In-

dustrial Co., Kingdom Lighting Industry Co., or Bright Lamps, and has not produced the documents indicating its involvement in lamp design. Moreover, American has not responded to the Plaintiffs' discovery requests which seek information concerning American's corporate structure.

■ As an initial matter, we note that Rule 34(a), Federal Rules of Civil Procedure, states that "[a]ny party may serve on any other party a request (1) to produce * * * any designated documents * * * or to inspect and copy, test, or sample any tangible things * * * which are in the possession, custody or control of the party upon whom the request is served." *Rule 34(a), Federal Rules of Civil Procedure.* Moreover, "federal courts have consistently held that documents are deemed to be within the 'possession, custody or control' for purposes of Rule 34 if the party has actual possession, custody or control, or has the legal right to obtain the documents on demand." *In re Bankers Trust Co.,* 61 F.3d 465, 469 (6th Cir.1995), citing *Resolution Trust Corp. v. Deloitte & Touche,* 145 F.R.D. 108, 110 (D.Colo.1992); *Weck v. Cross,* 88 F.R.D. 325, 327 (N.D.Ill. 1980).

■ Specifically, control is defined as "the legal right, authority, or ability to obtain upon demand documents in the possession of another." *Florentia Cont. Corp. v. RTC,* No. 92 Civ. 1188, 1993 WL 127187 at *3 (S.D.N.Y. Apr. 22, 1993). In practice, however, other courts "have sometimes interpreted Rule 34 to require production if the party has practical ability to obtain the documents from another, irrespective of his legal entitlement to the documents." *U.S. v. Skeddle,* 176 F.R.D. 258, 261 n. 5 (N.D.Ohio 1997) (citations omitted); citing, *Scott v. Arex,* 124 F.R.D. 39, 41 (D.Conn.1989) ("The word 'control' is to be broadly construed," such that "[a] party controls documents that it has the right, authority, or ability to obtain on demand."); Gary J. Mennitt, *Document Discovery: Possession, Custody or Control,* 214 N.Y.L.J. 214 (Nov. 21, 1995). Therefore, "under Rule 34, 'control' does not require that the party have legal ownership or actual physical possession of the documents at issue; rather, documents are considered to be under a party's control when that party has the right, authority, or practical ability, to obtain the documents from a non-party to the action." *Bank of New York v. Meridien BIAO Bank Tanzania, Ltd.,* 171 F.R.D. 135, 146 (S.D.N.Y.1997), citing, *In re NASDAQ Market–Makers Antitrust Litigation,* 169 F.R.D. 493, 530 (S.D.N.Y.1996), citing *Golden Trade S.r.L. v. Lee Apparel Co.,* 143 F.R.D. 514, 525 (S.D.N.Y.1992); *Scott v. Arex, Inc.,* supra at 41; *M.L.C., Inc. v. North American Philips Corp.,* 109 F.R.D. 134, 136 (S.D.N.Y. 1986).

As we noted at the Hearing, in our view, Yey's pending patent, regarding safety features for lamps, is not attributable to American, absent a showing that Yey is more than merely a consultant to American. On the other hand, to the extent that American, or its agents, have "care, custody, or control" over patent-related documents, that are responsive to the Plaintiffs' requests, they are directed to produce them. This direction encompasses documents that American may not physically possess, but which it is capable of obtaining upon demand. Also, to the extent that American is in the "care, custody, or control" of documents involving transactions with Semilla Industrial Co., Kingdom Lighting Industry Co., or Bright Lamps, or documents evidencing its corporate structure, it is directed to produce that information as well.

Next, the Plaintiffs challenge American's response to Document Request No. 20, which seeks "all correspondence or written communications of any kind between [American] and any customer regarding any claim, potential of possible malfunction, of a torchiere halogen lamp which was manufactured by [American] with the same design specifications and product number as the torchiere halogen lamp which is the subject matter of this litigation," see, *Keena Aff., Ex. C,* and to their request for a deposition transcript involving one such claim. In response to these requests, American asserts that no such documents exist, and that it does not possess the litigation-related deposition transcripts that have been requested by the Plaintiffs. *Id.*

The Plaintiffs dispute the veracity of this contention, because of their informed belief

that American has been the subject of numerous claims involving torchiere halogen lamps of the type that are pertinent to this action. Also, the Plaintiffs contest American's assertion that it has produced all the requested documents regarding Semilla Industrial Co., Kingdom Lighting Industry Co., or Bright Lamps, and its corporate structure, that are within its "care, custody, or control."

As we stated at the time of the Hearing, we find it flatly implausible that a company, such as American, that has been the subject of several products claims, involving a commercial good with which it is associated, would not maintain documentation concerning any such claims, or have ready access to such documentation. Further, we find no plausible reason why American is unable to produce documentation as to its corporate structure. Nevertheless, as we stated in *Onwuka v. Federal Express Corp.*, 178 F.R.D. 508, 514 n. 2 (D.Minn.1997):

> [A]s a matter of practical reality, the Court must accept, at face value, a party's representation that it has fully produced all materials that are discoverable. See, *Lumber v. PPG Industries, Inc.*, 168 F.R.D. 641, 643 n. 1 (D.Minn.1996). As we have stated elsewhere, "we have no means to test the veracity of such avowals, other than to appropriately sanction a recalcitrant party for failing to responsibly honor its discovery obligations." *Id.* It continues to be our view that the failure to produce evidence, without just cause, which is relevant within the context of Rule 26, Federal Rules of Civil Procedure, bears a close relationship to the "spoliation of evidence," and should be sanctioned accordingly. See, *Id.*, citing, *Sylla–Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 280 (8th Cir.1995), cert. denied, 516 U.S. 822, 116 S.Ct. 84, 133 L.Ed.2d 42 (1995); *Dillon v. Nissan Motor Co., Ltd.*, 986 F.2d 263, 267 (8th Cir.1993); *SDI Operating Partnership, L.P. v. Neuwirth*, 973 F.2d 652, 655 (8th Cir.1992); *Scout v. City of Gordon*, 849 F.Supp. 687, 690–91 (D.Neb.1994); *Capellupo v. FMC Corp.*, 126 F.R.D. 545, 551 (D.Minn.1989).

Here, we must accept American's representation, that it is currently unable to respond to the Plaintiffs' discovery requests because it has no such documents. If, upon further inquiry, American's representation is untrue, and unjustified, then the full panoply of sanctions, under Rule 37, are available to us in rectifying such egregious misconduct.

Next, the Plaintiffs object to American's proffer of Ly as a properly responsible Rule 30(b)(6) deponent on American's behalf. As related by the Plaintiffs, prior to the deposition, they provided American with notice that they were seeking information about the product history, and manufacturing process of the torchiere lamps, that are the subject of this litigation, as well as any past claims involving the lamps. See, *Keena Aff., Ex. O.* However, after being questioned on these subjects, Ly testified that he was unable to respond to such questioning, because of a lack of information, and knowledge, on his part. As noted by the Plaintiffs, Ly's testimony amply demonstrated that he was not the proper person to respond to the Plaintiffs' Rule 30(b)(6) deposition notice. In addition, although Ly's own testimony reveals that more appropriate individuals were available for deposition purposes, see, *Plaintiffs' Memorandum*, at 12–13, citing *Deposition Transcript of Huy Ly*, at 43, American intimates that it is unable to find anyone who can respond to the requests made by the Plaintiffs.

Although we are satisfied that the purposes of a Rule 30(b)(6) deposition are not unknown to either party, our analysis commences with a brief overview of the unique function served by such a specialized form of deposition. The terms of Rule 30(b)(6), as pertinent to the issues before us, provide a necessary focus for what follows:

> A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and *describe with reasonable particularity the matters on which examination is requested.* In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the per-

son will testify. * * * The persons so designated shall testify as to *matters known or reasonably available to the organization*. This subdivision (b)(6) does not preclude taking a deposition by any other procedure authorized in these rules.

[Emphasis added].

■ As our highlighting reflects, we find that the effectiveness of the Rule bears heavily upon the parties' reciprocal obligations. First, the requesting party must reasonably particularize the subjects of the intended inquiry so as to facilitate the responding party's selection of the most suitable deponent. In turn, the responding party, having been specifically notified as to the specific areas of exploration, is obligated to produce a deponent who has been suitably prepared to respond to questioning within that scope of inquiry.

"Corporations, partnerships, and joint ventures have a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter." *Starlight Intern, Inc. v. Herlihy*, 186 F.R.D. 626, 639 (D.Kan.1999), citing *Dravo Corp. v. Liberty Mut. Ins. Co.*, 164 F.R.D. 70, 75 (D.Neb.1995). "[I]f it becomes obvious during the course of a deposition that the designee is deficient, the [organization] is obligated to provide a substitute." *Dravo Corp. v. Liberty Mut. Ins. Co.*, supra at 75. Having surveyed the pertinent case authorities, we are satisfied that the burdens imposed by Rule 30(b)(6) are as taxing as they are mutually beneficial. Since a corporation can only act through its employees, directors and agents, the potential thrives for an inquiring party to be bandied, from one corporate representative to another, vainly searching for a deponent who is able to provide a response which would be binding upon that corporation.

On the other hand, a corporation should not be confronted with a seemingly endless sequence of depositions which necessarily interfere with the capacity of its officers and employees to properly discharge their employment duties, and which impose substantial financial costs. See, *Advisory Committee Notes* to 1970 Amendments to Rule 30(b)(6); *Protective Nat. Ins. v. Commonwealth Ins.*, 137 F.R.D. 267, 278 (D.Neb. 1989), quoting *Cates v. LTV Aerospace Corp.*, 480 F.2d 620, 624 (5th Cir.1973).

■ Accordingly, to allow the Rule to effectively function, the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute. Correlatively, the responding party "must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the interrogator] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed by [the interrogator] as to the relevant subject matters." *Protective Nat. Ins. v. Commonwealth Ins.*, supra at 278, quoting *Mitsui & Co. v. Puerto Rico Water Resources Authority*, 93 F.R.D. 62, 67 (D.P.R. 1981); *Dravo Corp. v. Liberty Mut. Ins. Co.*, 164 F.R.D. 70, 75 (D.Neb.1995). As expressed by the Court, in *Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D.N.C.1989), once notified as to the reasonably particularized areas of inquiry, the "corporation then must not only produce such number of persons as will satisfy the request, but more importantly, prepare them so that they may give complete, knowledgeable and binding answers on behalf of the corporation."

By requiring the responding party to produce a witness who is capable of testifying as "to matters known or reasonably available to the organization," the Rule makes plain its preference that a party not subvert the beneficial purposes of the Rule by simply incanting that no witness is available who personally has direct knowledge concerning all of the areas of inquiry. *Dravo Corp. v. Liberty Mut. Ins. Co.*, supra at 75–76; *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996) ("If the persons designated by the corporation do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers."), aff'd, 166 F.R.D. 367 (M.D.N.C.1996). If need be,

the responding party "must prepare deponents by having them review prior fact witness deposition testimony as well as documents and deposition exhibits." *United States v. Taylor*, supra at 362. Any other interpretation of the Rule would allow the responding corporation to "sandbag" the depositional process "by conducting a half-hearted inquiry before the deposition but a thorough and vigorous one before the trial." *Id.* at 362. We understand that the burden upon the responding party, to prepare a knowledgeable Rule 30(b)(6) witness, may be an onerous one, but we are not aware of any less onerous means of assuring that the position of a corporation, that is involved in litigation, can be fully and fairly explored.

■ Applying these considerations here, we are satisfied that the Plaintiffs adequately designated, after a conscientious effort to focus its intended inquiry, the subject areas which were both temporally and factually relevant to its claims in this matter. As such, American was obligated to produce, in good faith, a knowledgeable deponent who was competently prepared to fully and responsibly address the questions posed by the Plaintiffs.

With respect to Ly, who was the deponent that American had designated for Rule 30(b)(6) purposes, we are satisfied that, as to the relevant areas of inquiry, he was both unprepared and unresponsive to the Plaintiffs' questioning. Quite plainly, he was not prepared to answer the full gamut of relevant inquiries, and he was abjectly uninformed as to numerous areas of proper inquiry. Accordingly, we believe that the Rule 30(b)(6) deposition should reconvene

with proper regard for American's obligations under that Rule, as we have related them in this Minute Order, and we direct American to designate a proper deponent, and to prepare that deponent to respond fully on American's behalf, so as to bind American with his or her responses.

Lastly, at this time, we will take the Plaintiffs' Motion for Sanctions under advisement, in order that we may consider American's compliance with the Federal Rules of discovery, and with the directions of this Order, when weighing the propriety of Rule 37 sanctions. On two occasions, now, we have expressed dissatisfaction with American's discovery responses, and further problematic responses will not be tolerated. As counsel is aware, at the time of the Hearing, we considered directing that the Rule 30(b)(6) deposition be taken in close proximity to the Court, in order that objections, if any, could be expeditiously resolved. However, logistical concerns persuaded us that any such deposition, or depositions, of American's representatives, should be taken in proximity to the documents that are relevant to the areas of inquiry—that is, in American's offices in California. However, if problems persist, we may well direct the conduct of the depositions in this District, as may be accompanied by the imposition of sanctions upon a proper showing.[1] We understand that the Plaintiffs seek an award of their fees and costs incurred in conducting the redeposition, or redepositions, but we are unable to address that issue on the Record presently before us and, that issue too, will be taken under advisement for a later date.

NOW, THEREFORE, It is—

---

1. We note that, while the parties may be located in California, during the taking of any future depositions, they remain bound by the penalties and dictates of this Court. As stated by Rule 30(d)(3), Federal Rules of Civil Procedure, "[a]t any time during a deposition, on a motion of a party or of the deponent and upon a showing that the examination is being conducted in bad faith or in such a manner as unreasonably to annoy, embarrass, or oppress the deponent or party, **the court in which the action is pending** * * * may order the officer conducting the examination to cease forthwith from taking the deposition, or may limit the scope and manner of the taking of the deposition as provided in Rule 26(c) * * *." [emphasis added]. Also, as provided by Rule 37(b)(2), "[i]f a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court **in which the action is pending** may make such orders in regard to the failure as are just * * *." *Rule 37(b)(2), Federal Rules of Civil Procedure* [emphasis added]. These rules make clear that our obligation to govern the resolution of any complaints that arise during the conduct of these depositions, does not cease when the parties leave the geographic boundaries of this District.

ORDERED:

That the Plaintiffs Motion to Compel, and for Sanctions [Docket No. 58], is GRANTED in part, as more fully detailed in the text of this Order.