**Norma McPHERSON, Plaintiff,**

v.

**WELLS FARGO BANK, N.A., Defendant.**

**No. 13–CIV–20545.**

United States District Court,
S.D. Florida.

Sept. 18, 2013.

---

Joel Stephen Perwin, Robert J. Fiore, Miami, FL, for Plaintiff.

George Oles Mitchell, II, Michael Alexandar Garcia, William Anthony Potucek, Fowler White Burnett, P.A., Miami, FL, for Defendant.

### SECOND DISCOVERY ORDER

EDWIN G. TORRES, United States Magistrate Judge.

This matter is before the Court on the latest round of discovery motions that are ripe for review. [D.E. 59, 60, 72]. We have considered the motions, responses, replies

and the record in this case. The Court's Rulings follow.

### Plaintiff's Motion to Compel Corporate Representative Deposition

Plaintiff filed this motion [D.E. 59], and the related motion for hearing [D.E. 60], to compel Defendant to produce an appropriate corporate representative with knowledge of the inner workings of Defendant's video surveillance systems, its internal evidence preservation policies and procedures, and internal efforts to preserve surveillance evidence that may relate to the incident at issue. Those topics were originally included in the original notice of 30(b)(6) deposition that Plaintiff served. During the deposition of the proffered representative, Barbara Fernandez, the witness disclaimed any knowledge with respect to those issues.

Following the deposition, Defendant initially represented (falsely or incorrectly) that no known Wells Fargo witness was available to address those topics. Subsequently, upon further demands for a proper deponent, Defendant's counsel advised that a security guard witness could be produced who could address the questions over any security camera video. Defendant also suggested that Plaintiff get more information from another corporate representative, Anthony Velarde, who could shed light on those issues for Plaintiff, even though Defendant Fargo expressly discounted Mr. Velarde's ability to serve as its specific representative on video or surveillance questions that Ms. Fernandez could also not address. Finally, Defendant Fargo objected to the entire line of inquiry as being harassing and motivated only by a specious plan to create a spoliation claim when one did not exist.

Despite Defendant's ultimate agreement to produce a witness in response to the video and surveillance issues identified in the original 30(b)(6) notice, Plaintiff discounted the ability of such a security guard witness to respond to Plaintiff's inquiries. Plaintiff then filed the pending motion to compel to compel a better witness to be produced and to compel a fixed deposition date.

Following Defendant's response, which reiterated its position that the motion was contrary to Local Rule 26.1 and unnecessary, Plaintiff maintains that her motion should be granted and that the Court direct Defendant to produce David Holland, who was identified as a Wells Fargo security agent in Mr. Velarde's deposition, as the corporate representative on these matters. Plaintiff also insists that the Court direct other corporate representatives be produced on related issues such as Wells Fargo's risk management representative to address video preservation questions that Plaintiff has.

■ On balance, while we agree with much of the tenor of Plaintiff's criticisms that Defendant's handling of this issue has been cavalier and self-defeating, we ultimately agree with Defendant that a motion to compel is not well taken. Plaintiff is mistaken in her belief that she (or the court) can dictate to the corporate defendant how to comply with a properly drafted Rule 30(b)(6) notice. Certainly absent an agreement of the parties, Plaintiff can only serve *one* corporate representative deposition notice with specific multiple topics. Defendant then has the option on how to comply with its obligations under the Rule. The Rule provides (with emphasis added):

> [A] party may ... name as the deponent ... a ... corporation ... and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate *one or more* officers, directors, or managing agents, or *other persons* who consent to testify on its behalf, and may set forth for each person designated, the matters on which the person will testify.... The persons so designated shall testify as to matters known or reasonably available to the organization.

Therefore, the Rule expressly envisions a circumstance where multiple people will need to be designated to testify on behalf of the corporation. Consequently, upon receipt of the notice, the corporation " 'must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed ... as to the relevant subject matters.' " *Bank of New York v. Meridien BIAO Bank Tanzania*

*Ltd.*, 171 F.R.D. 135, 151 (S.D.N.Y.1997) (citations omitted); *see also Gucci America, Inc. v. Costco Cos. Inc.*, 2000 WL 60209, at *3 (S.D.N.Y. Jan. 24, 2000); *Starlight Int'l, Inc. v. Herlihy*, 186 F.R.D. 626, 639 (D.Kan.1999).

■ If it becomes obvious that one corporate designee is deficient, the corporation is obligated to provide a substitute or additional designees to comply with the corporation's obligations under Rule 30(b)(6). *See Dravo Corp. v. Liberty Mut. Ins. Co.*, 164 F.R.D. 70, 75 (D.Neb.1995); *Sony Electronics, Inc. v. Soundview Technologies, Inc.*, 217 F.R.D. 104, 112 (D.Conn.2002); *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 638 (D.Minn.2000). The corporation then has the burden to locate one or more people who can knowledgeably testify on the noticed topics. *See, e.g., United States v. Massachusetts Indus. Fin. Agency*, 162 F.R.D. 410, 412 (D.Mass.1995) (rejecting corporations' arguments that it was not required under Rule 30(b)(6) to educate its witness about actions taken by former employees of the corporation); *Twentieth Century Fox Film Corp. v. Marvel Enters., Inc.*, 2002 WL 1835439, at *3 (S.D.N.Y. Aug. 8, 2002) (a corporation "must provide its interpretation of documents and events" in a Rule 30(b)(6) deposition); *Alexander v. Federal Bur. of Investigation*, 186 F.R.D. 137, 141 (D.D.C.1998) ("[T]he designating party is under the duty to designate more than one deponent if it would be necessary to do so in order to respond to the relevant areas of inquiry that are specified with reasonable particularity.").

■ Significantly, the witness does not necessarily have to have gained first-hand knowledge; a review of corporate records and inquiries within the corporation may produce sufficient knowledge. Hence, the designated witness could even be a corporate attorney who can testify on the corporation's behalf. *E.g., Primetime 24 Joint Venture v. Echostar Comm. Corp.*, 2000 WL 97680, at *2, (S.D.N.Y. Jan. 28, 2000) (general counsel could be designated by a party as one of its Rule 30(b)(6) witnesses); *Sony Electronics, Inc.*, 217 F.R.D. at 109–110 (explaining why no waiver of attorney client privilege occurs when corporate counsel testifies as a Rule 30(b)(6) witness).

The corporation's discretion in this regard is certainly not boundless. The failure to undertake a serious and reasonable response to these notices of deposition may certainly result in sanctions against the responding corporation. But assuming good faith in the response to the designated topics, the corporation has the initial responsibility at designating which and how many witnesses will be necessary to respond to relevant, good faith topics designated in the notice with reasonable particularity as required by the Rule.

■ Consequently, Plaintiff can certainly opt to depose individual corporate officers or employees by name under Rule 30 and 45 in lieu of or in addition to a corporate representative deposition. Plaintiff cannot, however, dictate under Rule 30(b)(6) which individuals the corporation should designate, even if there is cause for Plaintiff's position. And once Defendant acquiesced to Plaintiff's demands to produce a corporate representative on these video surveillance issues, there was no basis to compel a deposition. Under Local Rule 26.1, therefore, the pending motion should be Denied.

■ To be sure, Plaintiff may prove to be correct that, if Defendant follows through on its promise to produce a "security guard" on its behalf, Rule 37 sanctions may follow if that witness turns out to be a waste of time. And why a multi-billion dollar corporation would ever have an hourly-wage employee bind it for purposes of this action is beyond us. But that decision, wisely or not, is the Defendant's to make. Certainly the Court will not interfere at this stage in the Defendant's right to make that determination for itself. The Court will only enforce Rule 37 sanctions if Plaintiff is prejudiced as a result. At this point, no such showing has been made.

The motion to compel is thus **DENIED.** The request for hearing is Denied as moot.

### Defendant's Second Motion to Compel

For similar reasons, Defendant's Second Motion to Compel [D.E. 72] merits the same treatment. The motion seeks to compel a proper response to interrogatory No. 20, which the Court previously compelled. But as Plaintiff points out, the amended response was served before the motion to compel was filed. Defendant thus clearly violated Rule 26.1 and there is nothing left to compel.

Also, the motion to compel further production related to Plaintiff's experts and communications to and from counsel is also Denied on account of mootness. Whether or not there was truly a dispute surrounding the documents produced should have been addressed between the parties prior to the motion being filed. Defendant's certificate of conference, and the supporting record on the motion, does not evidence a good faith conference with respect to these issues. And, the documents at issue were promptly produced once the motion was in fact filed. Therefore the motion to compel is largely moot with respect to this matter.

### Supplemental Order under Local Rule 7.1/26.1

Based upon the continuing discovery squabbles to date in this straightforward case, which appear to be materially related to the parties' failure to properly communicate on these matters prior to the filing of any motion, the Court hereby ORDERS that the parties shall comply with this Order for any

1. For any pending but unripe motion already filed, the movant's reply memorandum shall include a supplemental certification that complies with this Order.

2. Furthermore, if Defendant's lead counsel is too busy to handle this slip and fall case with other more serious matters, Defendant shall retain an associate or other counsel who shall be available

further discovery motions filed in the case. A Rule 7.1/26.1 conference must take place between the parties' counsel prior to the filing of the motion. Counsel for each party must participate in that conference by phone or in person. Written communications shall not be sufficient for counsel to certify compliance with the Local Rule. If any party does not make a representative available for a discovery conference when timely requested by the other party, the Court shall enter appropriate sanctions. Either party shall make themselves available to the other party for a discovery conference under this Order within seventy-two hours of a request.[1]

 This Order should address Plaintiff's concerns that Defendant's counsel is not taking this action seriously enough. The Order should also address Defendant's concerns that Plaintiff's constant written missives are not good faith efforts to cooperate in discovery under the Court's Local Rules.[2]

to comply with Defendant's discovery obligations under the Court's Rules and strictly comply with this Order. Defendant counsel's tiresome protests that this case does not merit his attention are not well taken. Silly or not, this case is before the Court and shall be treated as all other cases under the Court's Rules. Lead counsel's personal unavailability *shall not* relieve Defendant of its obligations under this Order.