**EFiled: Aug 24 2017 08:00AM EDT**
**Transaction ID 61026000**
**Case No. 2017-0328-JTL**

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ADT HOLDINGS, INC., in its individual capacity and as attorney-in-fact for ZONOFF, INC., and ADT LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 2017-0328-JTL |
| MICHAEL HARRIS and BOT HOME AUTOMATION, INC., d/b/a RING.COM, | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

Date Submitted: August 22, 2017
Date Decided: August 24, 2017

Steven L. Caponi, K&L GATES LLP, Wilmington, Delaware; *Attorney for Plaintiffs*.

Megan Ward Cascio, Lauren Neal Bennett, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, Delaware; Mark C. Scarsi, Ashlee N. Lin, Katherine R. Pierucci, J. Samuel Payne, MILBANK, TWEED, HADLEY & McCLOY LLP, Los Angeles, California; *Attorneys for Defendants*.

**LASTER, V.C.**

Plaintiffs ADT Holdings, Inc. and ADT LLC (together, "ADT") noticed a deposition of defendant Bot Home Automation, Inc. ("Ring") pursuant to Court of Chancery Rule 30(b)(6). Ring designated Dr. Michael Balog as its witness for all of the topics, including Topic 37: "Ring confidential and trade secret information provided to Zonoff that you contend was received, accessed, or reviewed by [ADT]." Balog appeared for deposition, agreed that he was Ring's Rule 30(b)(6) witness for purposes of Topic 37, and answered questions on that topic.

ADT has not contended that Balog lacked knowledge, was unprepared, or was inadequate in any way. Nor has Ring suggested that Balog lacked knowledge, was unprepared, or was inadequate in any way. Despite the *de facto* agreement on the sufficiency of Balog's knowledge, Ring purported to file an amended response to ADT's Rule 30(b)(6) notice that designated Peter Gerstberger as an additional witness on Topic 37. The new response stated: "Subject to its General Objections, Defendant designates Peter Gerstberger to testify regarding Ring's confidential and trade secret information provided to Zonoff, and Defendant designates Michael Balog to testify regarding ADT's receipt, access, and/or review of such information."

ADT moved to strike Ring's supplemental designation of Gerstberger as a Rule 30(b)(6) witness. The rule states:

> A party may in the party's notice name as the deponent a public or private corporation or a partnership or association or governmental agency and designate with reasonable particularity the matters on which the examination is requested. The organization so named shall designate 1 or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the

1

matters on which the person will testify. The person so designated shall testify as to matters known or reasonably available to the organization.

Ch. Ct. R. 30(b)(6).

When a party notices the deposition of an organization pursuant to Rule 30(b)(6),

the organization has an obligation to ensure, through the testimony of one witness or multiple witnesses, that the party taking the deposition receives complete responses, based on the organization's full knowledge and any relevant information readily available to it, to questions related to all the matters set forth with particularity for examination in the [notice], unless this Court enters an Order limiting the scope of the deposition's subject matter or the parties agree otherwise.

*Fitzgerald v. Cantor*, 1999 WL 252748, at *2 (Del. Ch. Apr. 5, 1999). "[T]he deposition testimony should be based on the organization's full knowledge and the information readily available to it and not limited to the witnesses' personal first-hand knowledge of the matters at issue." *Id.* "The organization is the deponent . . . , not the witness or witnesses the organization designates to testify on its behalf." *Id.*

The obligation to designate one or more witnesses in response to a Rule 30(b)(6) notice belongs to the organization. "The most logical approach is [for the organization] to produce as a witness the person or persons within the organization that are the most knowledgeable." *Id.* "[I]f different persons within the organization have the most knowledge of different matters . . . , the organization may produce each person as a witness and limit the matters on which they will testify to those matters on which they are the most knowledgeable." *Id.* "Even these persons who are considered the most knowledgeable about a particular matter, however, must ensure, before testifying, that his or her knowledge . . . encompasses what the organization knows or can reasonably

2

determine through relevant information readily available to the organization." *Id.* The organization alternatively can designate a witness "who may not be the most knowledgeable" and then "prepare the witness or witnesses to testify on the [organization's] behalf in response to questions on each matter." *Id.* at *3. An organization falls short and fails to comply with its obligations if "at the time of the deposition, the person or persons it designates as witnesses are unaware of the organization's full knowledge of a matter set forth [in the notice] and, therefore, are unable to provide full and complete answers on behalf of the organization." *Id. See generally* 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2103 (3d ed. 2010) (explaining that Rule 30(b)(6) imposes "an implicit obligation to prepare the witness" in order to ensure he can testify comprehensively as to the entire organization's knowledge).

These principles make clear that in response to a Rule 30(b)(6) notice, the organization bears the responsibility to designate a person or persons to testify on the organization's behalf. The organization has to do this upfront, before the deposition takes place. It cannot make a provisional designation, wait and see how the deposition goes, and then make supplemental designations. Just as a biological person could not ask for a supplemental deposition if dissatisfied with his testimony, an artificial person cannot either. If an organization could designate supplemental witnesses at will, after the designated witnesses have testified, then the organization easily could employ a strategy of attrition in which follow-on witnesses could fix adverse testimony given by the original witness. This in turn would enable organizations to undercut the effective use of

3

deposition testimony for impeachment in a way that a biological person never could. *See* Ch. Ct. R. 32(a)(1) ("Any deposition may be used by any party for the purpose of contradicting or impeaching the testimony of deponent as a witness.").

This case differs from a situation in which the party that noticed the Rule 30(b)(6) deposition contends that the witness was inadequate. In that scenario, the party noticing the deposition has options. The party can demand that the organization produce an adequate witness, either by educating the previously proffered witness or by naming a supplemental witness.[1] In that scenario, the organization can accede to the demand and provide an adequate witness. Applied to these facts, if ADT asserted that Balog was an inadequate witness and insisted on a further deposition, then Ring could have designated Gerstberger as a supplemental witness.

A party that takes a Rule 30(b)(6) deposition and believes the witness was inadequate is not required to ask for an adequate witness. The party may prefer to force the organization to live with the testimony of its inadequate witness and use the deposition transcript for impeachment. If a party wishes to follow that route, then a court

---

[1] *See, e.g.*, *Calzaturficio S.C.A.R.P.A. s.p.a. v. Fabiano Shoe Co., Inc.*, 201 F.R.D. 33, 41 (D. Mass. 2001) (holding that insufficiently prepared Rule 30(b)(6) designees warranted requiring corporation to re-designate witnesses, prepare them, and submit them for further depositions); *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 639 (D. Mass. 2000) (ordering further deposition of "unprepared and unresponsive" Rule 30(b)(6) witness).

will respect that decision.[2] Of course, by doing so, the party takes the risk that the trier of fact will not find the impeachment persuasive.

The choice to seek an adequate Rule 30(b)(6) witness thus lies with the party noticing the deposition, not with the organization. Put differently, a court will not reward the organization's failure to comply with its obligations under Rule 30(b)(6) by permitting the organization to designate a supplemental witness unilaterally and thereby gain a second bite at the apple.

If Ring believed that both Gerstberger and Balog were necessary witnesses to convey Ring's knowledge regarding Topic 37, then Ring had a duty to designate both witnesses at the outset, before Balog's deposition. Ring could not wait until that deposition was over, evaluate Balog's testimony, then amend its designation to add Gerstberger as an additional designee. The motion to strike is therefore granted.

---

[2] *See Gutierrez v. AT&T Broadband, LLC*, 382 F.3d 725, 733 (7th Cir. 2004) (deferring to a party's "tactical decision not to insist that the defendants produce better witnesses."). A party also may seek any of the other discovery sanctions contemplated by Rule 37. *See, e.g.*, *Resolution Tr. Corp. v. S. Union Co., Inc.*, 985 F.2d 196 (5th Cir. 1993) (affirming sanction of costs and fees where 30(b)(6) witnesses "possessed no knowledge relevant to the subject matters identified" in the notice); *Inmuno Vital, Inc. v. Telemundo Gp., Inc.*, 203 F.R.D. 561 (S.D. Fla. 2001) (striking defendant's Rule 30(b)(6) witness as sanction for untimely production).