### In re: Application of HALLMARK CAPITAL CORPORATION.

### Civil No. 07–MC–39 (JNE/SRN).

United States District Court,
D. Minnesota.

Jan. 29, 2008.

Douglas L. Elsass, Fruth, Jamison & Elsass, P.A., Minneapolis, MN, for Applicant.

Steve W. Gaskins, Flynn, Gaskins & Bennett LLP, Minneapolis, MN, for Michael Berman.

### *ORDER*

SUSAN RICHARD NELSON, United States Magistrate Judge.

This matter comes before the undersigned United States Magistrate Judge on the request of Applicant Hallmark Capital Corporation to compel Michael Berman to produce documents pursuant to this Court's Orders of June 1, 2007, and September 13, 2007, 534 F.Supp.2d 951, 2007

WL 4917301 (Doc. No. 28). The matter has been referred to the undersigned pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1(a). For the reasons stated below, the Court grants the request.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Applicant Hallmark Capital Corporation is the claimant in an Israeli arbitration against UltraShape, Inc., contending that it is owed finder's fees concerning investments by Israeli Seed Partners ("ISP") and others in UltraShape. Mr. Berman, who serves as Chairman of the Board of UltraShape, is not himself a party to that proceeding, but appeared to have information relevant to it. Mr. Berman is also a partner in ISP, which is a 20% partner in UltraShape.

By Order dated September 13, 2007, this Court, pursuant to 28 U.S.C. § 1782, permitted Hallmark to seek discovery from Mr. Berman for use in the Israeli arbitration proceeding. (Doc. No. 27.) Accordingly, this court ordered him to produce certain documents: "Such documents must be produced if they are in either the possession, custody, or control of Mr. Berman and the fact that copies might exist in Israel does not relieve him of his obligation to produce those over which he has such custody or control." (*Id.*) After producing some documents, Mr. Berman now contends that he lacks possession, custody or control over the remaining documents at issue because they are in the sole possession and control of ISP in Israel.

## II. DISCUSSION

■ Documents are " 'deemed to be within the 'possession, custody, or control'

... if the party has actual possession, custody or control, or has the legal right to obtain the documents on demand.' " *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 636 (D.Minn.2000) (quoting *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir.1995)). "[C]ontrol is defined as 'the legal right, authority, or ability to obtain upon demand documents in the possession of another.' " *Id.* (internal citation omitted). But because courts also require production if the party has the practical ability to obtain the documents from another "irrespective of his legal entitlement to the documents,"

> " 'control' does not require that the party have legal ownership or actual physical possession of the documents at issue; rather documents are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a nonparty to the action."

*Id.* (citations omitted). Applying the concept of "control" is "often highly fact-specific." 8A Wright, Miller & Marcus, *Federal Practice and Procedure* § 2210, at p. 397 (2d ed. 1994).

■ Here, the present dispute focuses largely on Hallmark's request for " '[a]ll documents concerning UltraShape that [Berman] received (directly or indirectly) through August 3, 2004.' " (Doc. No. 28, at p. 2.) Hallmark contends that Mr. Berman has access to the documents in the possession of his partnership because, with respect to the arbitration, ISP "voluntarily provided UltraShape with copies of ISP's internal correspondence." (*Id.* at p. 3.) Hallmark further contends "that ISP has given UltraShape access to all of ISP's files from" the relevant period. (*Id.*)[1]

---

1. As Hallmark previously pointed out, Mr. Berman "does not take issue with Hallmark's assertion ... that the documents requested ... are predominantly e-mails that Berman received in Minnesota" and that they "are in his control by virtue of his being a partner of ISP." (Doc. No. 16, at p. 6.)

Mr. Berman argues that ISP refused his request that it provide him documents in its possession so that he could then produce them to Hallmark. (Doc. No. 29; *see* Doc. No. 28, Exs. 2 & 3.) Mr. Berman further claims that his agreement with ISP's investment advisor, Seed Management Associates, Ltd. ("SMA"), demonstrates that he does not have "control" over documents in ISP's possession or custody. (Doc. No. 29, at p. 2.) He contends that his "part-time, limited relationship with Israel Seed is much more like the 'consultant' or 'affiliate' relationships" that would not establish his control over ISP's documents. (*Id.* at p. 5.)

Mr. Berman acknowledges that he is a "venture partner" in ISP but claims that "whatever 'venture partner' means, it doesn't mean 'partner' in the sense that Hallmark tries to make it mean." (*Id.* at p. 2.) But Mr. Berman offers no explanation—much less any legal support—regarding the rights or authority of a "venture partner," either in terms of Israeli (or any other governing) law or in terms of any agreement with ISP.[2] Instead, Mr. Berman relies only on his agreement with SMA, "the investment advisor to Israel Seed IV, L.P." (Declaration of Michael Berman, Ex. A.) That agreement purports to govern only his "position of Venture Advisor with Seed Management" and, with respect to ISP, provides only that he is not "an employee of SMA or ISP IV." (*Id.*) While that agreement specifies the terms of his compensation with respect to SMA, it provides no further definition of his role, duties, powers or authority at

ISP. Nor is the exact relationship between SMA and ISP delineated.

The ISP website lists six "partners" of ISP, including three "venture partners." (http://www.israelseed.com.) The website also describes ISP as just "the team of partners" and claims the team "is actually more like a family." (*Id.*) The site does not differentiate between the six partners in terms of their rights or authority. (*See id.*) Although Mr. Berman relies on ISP's letter informing him that it is declining his request for documents, the Court notes that the letter adopts a formal tone—addressing him as "Mr. Michael Berman"—that is inconsistent with other correspondence addressing him as "Mike" and with his own correspondence with other ISP partners in which he identifies himself simply as "Mike." (Doc. No. 28, Exs. 3, 5 & 7.) Moreover, while that letter purports to base its conclusion on his "position with Israel Seed," it neither cites nor attaches any agreement or other documentation addressing the parameters of Mr. Berman's authority as a "venture partner" of ISP.

In sum, Mr. Berman has failed to establish by any reliable evidence that his position as "venture partner" would not permit him the same access to ISP documents that any "partner" generally would possess.

## III. ORDER

Based on the foregoing, and all the files, records and proceedings herein, IT IS HEREBY ORDERED that:

---

2. Under American law, for example, it is clear that a partner is entitled to access to partnership documents. Uniform Partnership Act (1994) § 403. Minnesota's codification of that law provides that "[a] partnership shall provide partners and their agents and attorneys access to its books and records." Minn. Stat. § 323A.4–03(b). And "[e]ach partner and the partnership shall furnish to a partner" certain types of "information concerning the partnership's business and affairs." *Id.* § 323A.4–03(c). Even a limited partner has access to certain partnership documents. Uniform Limited Partnership Act (2001) § 304. *Cf.* Minn.Stat. § 321.0304.

1. Hallmark's request to compel Mr. Berman to produce documents is GRANTED; and

2. Mr. Berman shall produce within 30 days all remaining responsive documents in his possession, custody or control.